UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                         Case No.

TODD DYER,
Reg. No. 05409-089
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

                Defendant.

## VERIFIED COMPLAINT

The United States of America, by its undersigned attorneys, brings this complaint against defendant Todd Dyer ("Dyer"), and alleges and shows the Court as follows:

## INTRODUCTION

1. This is a civil action by the United States of America, pursuant to 18 U.S.C. §§ 1514 and 3771, for a temporary restraining order and protective order prohibiting Dyer from harassing witnesses and victims in Eastern District of Wisconsin Criminal Case Nos. 15-CR-115 and 16-CR-100, including Mark Borst, Bakley Construction, Cindy Bakley, and immediate family members of Mr. Borst and Ms. Bakley. *See* 18 U.S.C. § 1514(d)(1)(G).

2. Since 2017 and continuing to the present, Dyer has engaged in a course of conduct of harassing victims by threatening civil lawsuits against them, then initiating lawsuits when those victims refused to pay Dyer's so-called "settlement demands" of hundreds of thousands of dollars. Dyer's threats and lawsuits against his victims rely on the same facts that underlie Dyer's criminal

convictions for fraud against those same victims, serve no legitimate purpose, and have caused his victims substantial emotional distress.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

4. Venue in this Court is proper pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred within this district. In addition, venue in this Court is proper pursuant to 18 U.S.C. § 1391(b)(1) because Dyer is domiciled in Wisconsin. *Sullivan v. Freeman,* 944 F.2d 334, 337 (7th Cir. 1991)(noting that "the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison.")

## RELEVANT BACKGROUND

5. In 2015, a grand jury in the Eastern District of Wisconsin issued an indictment charging Dyer and several accomplices with a complex fraud scheme involving purported investments in farmland. *See United States v. Dyer,* Case No. 15-CR-115 (E.D. Wis.) ("Farmland Case"). In 2016, a grand jury in the Eastern District of Wisconsin issued another indictment charging Dyer with defrauding the Bakley family in a completely separate fraud scheme. *United States v. Dyer*, Case No. 16-CR-110 (E.D. Wis.) ("Insurance Case"). True and correct copies of the indictments in the Farmland Case and in the Insurance Case are attached hereto as Exhibits 1 (indictment in the Farmland Case) and 2 (indictment in the Insurance Case).

6. The Farmland Case involved a fraud scheme spanning from 2008 to 2012, in which Dyer and his accomplices, including Melvin Krumdick, solicited investments in companies that Dyer created to supposedly purchase farmland. Through this scheme, Dyer and his accomplices stole nearly $2 million in investor funds and never purchased a single acre of farmland. The charges against Krumdick were later dismissed upon motion of the government.

2

7. The Insurance Case involved an elaborate fraud scheme in which Dyer collected $937,000 between 2013 and 2015 from the Bakley family by pretending to investigate a fictional plot surrounding that family's loss of a $1.9 million insurance policy. As part of that scheme, Dyer created several "consulting agreements," which he had the Bakleys sign, to make the scheme look legitimate.

8. On December 7, 2019, Dyer signed written plea agreements and formally entered guilty pleas in the Farmland Case and in the Insurance Case. On March 8, 2017, Dyer was sentenced in the Farmland case to 180 months imprisonment, to be followed by three years of supervised release, and ordered to pay $1,802,482 in restitution to twenty-two victims of his scheme. On March 23, 2019, Dyer was sentenced in the Insurance Case to 110 months imprisonment, to be served concurrent to the sentence in the Farmland case, along with 3 years of supervised release, and restitution to Bakley Construction in the amount of $937,000. True and correct copies of the plea agreements and judgments entered in the Farmland Case and in the Insurance case are attached hereto as Exhibit 3 (plea agreement in Insurance Case), 4 (plea agreement in Farmland Case), 5 (judgment in Insurance Case), and 6 (judgment in the Farmland Case).

9. Dyer appealed his convictions in both cases. On June 13, 2018, the U.S. Court of Appeals for the Seventh Circuit issued an opinion rejecting all of Dyer's arguments and affirming his convictions. *See United States v. Dyer*, App. Nos. 17-1580, 17-1776 (7th Cir. June 13, 2018). Dyer is currently serving his federal prison sentence at the Elkton Federal Correctional Institution in Lisbon, Ohio.

**DYER'S HARASSMENT OF VICTIMS IN THE INSURANCE CASE**

10. Cindy Bakley is a witness and victim in the Insurance Case. Pursuant to the judgment in the Insurance Case, Dyer is obligated to pay $937,000 to the company owned by the Bakley

family, the Bakley Construction company. (*See* Exhibit 5, p. 4.)

11. On or about November 27, 2017, Dyer sent Cindy Bakley a letter in which he demanded that she pay him $500,000 for "breach of the non-disclosure provision of our Advisory/Consulting Agreement" by disclosing the agreement to "the FBI, the IRS, and the U.S. Attorney's Office", among other individuals. The purported "Advisory/Consulting Agreement" was one of the agreements at the heart of Dyer's fraudulent conduct underlying his conviction in the Insurance Case. When Ms. Bakley did not respond, Dyer sent her another letter on January 3, 2018, again demanding $500,000. A true and correct copy of Dyer's November 27, 2017 letter is attached hereto as Exhibit 7. A true and correct copy of Dyer's January 3, 2018 letter, excluding exhibits, is attached hereto as Exhibit 8.

12. On September 12, 2018, Dyer filed a lawsuit against Joan Bakley, the Joan Bakley Trust, Cindy Bakley, Kenneth Bakley, Jr., Kathleen Jensen, and Bakley Construction, Inc. in the Circuit Court of the 22nd Judicial District in McHenry County, Illinois. *Dyer v. Bakley, et al.*, Case No. 18LA000315. In his complaint, which Dyer styled as a "Motion for Judgment by Confession and Default," Dyer sought a judgment in the amount of $500,000 "as penalty for the violation of the mutual agreed 'Consulting Agreement.'" A true and correct copy of Dyer's September 12, 2018 pleading in his first lawsuit against the Bakleys, excluding exhibits, is attached hereto as Exhibit 11.

13. In or around early October 2018, Dyer sent a letter to Cindy Bakley and other members of her family in which he threatened to file another lawsuit against the Bakleys if they did not "seek a settlement outside of the purview of the Court." Dyer further threatened that his new lawsuit "could be very embarrassing to your family" and that if they did not accede to his demands,

4

Cindy Bakley would "open [her]self up to extreme liability." ("October 2018 letter"). A true and correct copy of Dyer's October 2018 letter is attached hereto as Exhibit 9.

14. On December 31, 2018, Dyer went forward and filed his threatened second lawsuit against Joan Bakley, the Joan Bakley Trust, Cindy Jo Bakley, Kenneth Bakley, Jr., Kathleen Jensen, and Bakley Construction in McHenry County Court. *Dyer v. Bakley*, *et al*, Case No. 18LA000436. In that complaint and its attachments, Dyer alleged that the Bakley's recorded telephone conversations with Dyer "and his alleged alter ego(s) (*i.e*. "Robert) on multiple occasions" in violation of Illinois "Wiretapping and Eavesdropping Laws." The alleged recorded conversations that Dyer identifies in his complaint and attachments were, according to Dyer, made in connection with the "Consulting Agreements" between Dyer and the Bakleys. According to Dyer, Cindy Bakley shared such recordings with the FBI during the FBI's investigation of Dyer's fraud scheme against the Bakleys. In the lawsuit, Dyer seeks damages in excess of $3,000,000.00. A true and correct copy of Dyer's pleading in his second lawsuit against the Bakleys, excluding exhibits, is attached hereto as Exhibit 12.

15. Dyer's lawsuits against members of the Bakley family and Bakley Construction serve no legitimate purpose. Dyer has admitted as part of his guilty plea in the Insurance Case that the "Advisory/Consulting Agreements," which underlie his allegations against the Bakleys, were made in furtherance of Dyer's fraud scheme. (*See* Ex. 3, ¶ 5.) They are not enforceable agreements in any respect. Likewise, Dyer admitted that his calls with Cindy Bakley during the fraud scheme—including when Dyer used the fake persona "Robert"— were done in furtherance of the fraud scheme. (*Id.*) Thus, by Dyer's admission, any recording of the calls was done with reasonable (and ultimately correct) suspicion that Dyer was engaged in criminal activity and that

5

such recordings would be evidence of that criminal activity. Ms. Bakley's recording of the calls did not violate Illinois law. *See* 720 ILCS 5/14-3(i).

16. The Bakley family retained counsel to defend against Dyer's lawsuits.

17. On May 24, 2019, Dyer sent another threatening letter to the Bakley's attorney in which he stated that his various lawsuits "subjects [*sic*] the Bakley family to significant civil and potential criminal liability" and demanding, in exchange for dropping his claims, that the Bakley's "loan" $1,000,000 to Dyer's company, Agri-Business Investors Limited Partnership, along with sworn affidavits from the Bakleys addressing some of Dyer's grievances. A true and correct copy of Dyer's May 24, 2019 letter is attached hereto as Exhibit 10.

18. On June 25, 2019, the McHenry County Court granted the Bakley's motion to dismiss the first of Dyer's lawsuits, Case No. 18LA000315. In defending the suit, the Bakleys spent $13,686.00 in attorneys' fees and $85.00 in costs. On July 24, 2019, Dyer filed a notice of appeal in that case, which is now pending before Appellate Court of Illinois, Second District, Appellate Case No. 19-0568. On June 25, 2019, the McHenry County Court dismissed without prejudice Dyer's second lawsuit, Case No. 18LA000436, for want of prosecution. Dyer promptly filed a third lawsuit against the Bakleys on August 19, 2019, in the McHenry County Court, Case No. 19LA244, repeating the allegations previously made in the second suit, Case No. 18LA000436. In this third suit, Dyer again seeks damages exceeding $3,000,000. A true and correct copy of Dyer's third lawsuit against members of the Bakley family and Bakley Construction, excluding exhibits, is attached hereto as Exhibit 13.

19. Dyer's lawsuits and letters demanding settlement payments have caused Cindy Bakley and members of her family to experience substantial emotional distress. A true and correct copy

of a letter from Cindy Bakley describing the effect of Todd Dyer's actions on her and her family is attached hereto as Exhibit 22.

**DYER'S HARASSMENT OF VICTIMS IN THE FARMLAND CASE**

20. Mark Borst is a victim and witness in the Farmland Case. Under the judgment in the Farmland Case, Dyer is obligated to pay Mr. Borst $453,417.00 in restitution. (*See* Exhibit 6, page 5.)

21. In or around July 2018, Melvin Krumdick ("Krumdick"), one of Dyer's codefendants in the Farmland Case, sent a letter to Mark Borst in which he stated that he was "preparing a lawsuit to be filed against you, your wife, and your marital assets, in Walworth County[, Wisconsin.]" By letter dated July 25, 2018, Mr. Borst, through his attorney, responded to Krumdick's letter. Months later, on October 29, 2018, Dyer responded to Mr. Borst's letter. True and correct copies of Krumdick's letter, counsel for Mr. Borst's July 25, 2018 letter, and Dyer's October 29, 2018 response, excluding exhibits, are attached hereto as Exhibits 14 (Krumdick letter), 15 (July 25, 2018 letter) and 16 (October 29, 2018 letter).

22. On December 21, 2018, Dyer, acting through Krumdick, initiated a lawsuit against Mark Borst in Walworth County (WI) Circuit Court, Case No. 2018CV00804. Shortly thereafter, on February 20, 2019, Krumdick filed a First Amended Complaint against Mr. Borst and members of his family, a true and correct copy of which (excluding exhibits) is attached hereto as Exhibit 17. Krumdick purported to file the First Amended Complaint both individually and in various representative capacities, including as "trustee of the Todd A. Dyer Irrevocable Trust Dated 1994" and as "trustee of the TAD Trust Dated 2016[.]" (*See* Exhibit 17.)

23. Although Krumdick is nominally the plaintiff in the lawsuit against Mark Borst and his family members, it is clear that Dyer is actually directing the litigation. For example, on May

7

21, 2019, Dyer sent Mr. Borst's attorney a letter in which he stated, among other things, that he would "be amending the First Amended Complaint" and that the "Second Amended Complaint will include [Dyer] as a Plaintiff as well." Similarly, by correspondence dated June 25, 2019, Dyer sent Mr. Borst's attorney a set of 106 requests for admission, accompanied by an email exchange between Dyer and Krumdick in which Krumdick purportedly authorized Dyer to "sign [his] name as necessary for papers for the Mark Borst Case." Dyer filed another letter with the Wisconsin Circuit Court in the case against Mr. Borst and his family on September 4, 2019. True and correct copies of Dyer's May 21, 2019, June 25, 2019, and September 4, 2019 correspondence are attached hereto as Exhibits 18 (May 21, 2019 letter), 19 (June 25, 2019 letter), and 24 (September 4, 2019 letter).

24. Dyer's lawsuit against Mark Borst and his family serves no legitimate purpose. Dyer's allegations in that lawsuit are based on the same facts underlying Dyer's fraud conviction in the Farmland case, which Dyer has admitted in the plea agreement in the Farmland Case. (*See* Ex. 4, ¶ 5.) Mr. Borst has retained an attorney to defend against the allegations, and has incurred substantial attorney's fees to defend against Dyer's claims.

25. Dyer's initiation of litigation against Mark Borst and his family has caused Mr. Borst and his family to experience substantial emotional distress. A true and correct copy of a statement from counsel for Mr. Borst to Assistant United States Attorney Emily A. Constantine concerning the impact of Dyer's actions on Mr. Borst and his family is attached hereto as Exhibit 23.

## **DYER IS NOTIFIED THAT HIS CONDUCT IS UNLAWFUL**

26. The United States Attorney's Office has cautioned Dyer on multiple occasions that his initiation of frivolous lawsuits members of the Bakley family, as described above, constitutes unlawful harassment of, and retaliation against, victims of his crimes. True and correct copies of

Assistant United States Attorney Benjamin W. Proctor's correspondence to Dyer is attached hereto as Exhibit 20. Dyer acknowledged receiving AUSA Proctor's correspondence.

27. Nevertheless, Dyer has continued to pursue frivolous litigation against the victims of his crimes. For example, even after his first lawsuit against Bakley Construction and members of the Bakley family was dismissed with prejudice, and after being cautioned by the U.S. Attorney's Office that his conduct is unlawful, Dyer chose to initiate a frivolous appeal. True and correct copies of documents pertaining to Dyer's appeal are attached hereto as Exhibit 21.

## COUNT I: HARASSMENT OF VICTIMS AND WITNESSES (18 U.S.C. § 1514)

28. The United States realleges and incorporates by reference paragraphs 1 through 27 above.

29. Dyer has engaged in a course of conduct, as described above, to harass victims and witnesses, including Mark Borst and Cindy Bakley, who were instrumental in the Dyer indictment and conviction. Dyer's conduct constitutes harassment pursuant to 18 U.S.C. § 1514(d)(1)(B).

30. Despite warnings by the United States Attorney's Office and dismissal of one of his complaints with prejudice, Dyer has refused to voluntary cease his harassment of witnesses and victims. It appears certain that Dyer's conduct will continue unless it is enjoined. As such, a protective order is necessary to prevent and restrain Dyer from retaliating against or harassing witnesses and victims in the Farmland Case and in the Insurance Case, including Mark Borst, Bakley Construction, Cindy Bakley, and family members of Mr. Borst and Ms. Bakley.

31. Pursuant to 18 U.S.C. § 1514(a)(2)(A), the United States requests that the Court issue a temporary restraining order enjoining Dyer's conduct without notice to Dyer, to ensure that Mark Borst, Cindy Bakley, and members of their families, along with Bakley Construction, do not incur further litigation expense or experience further harassment pending a hearing on the United States'

motion for a protective order. For example, in Dyer's litigation against Mark Borst and his family, *Krumdick et al. v. Borst et al.,* Walworth County Case Number 2019CV000804, a hearing is presently scheduled on Mr. Borst's motion to dismiss on September 16, 2019. Mr. Borst will incur additional attorneys' fees if this hearing is permitted to proceed as scheduled. Moreover, even if the Court dismisses Dyer's complaint, Dyer will likely file a new complaint or appeal the dismissal, as he did following the dismissal of his lawsuits against the Bakley family. Dyer's cases against members of the Bakley family and their company are pending as well, and the Bakley family is subject to the anxiety, stress, and expense of that pending litigation. Entering a temporary restraining order without notice to Dyer will ensure that Dyer's harassment stops immediately.

WHEREFORE the United States requests that the Court:

(1) Enter a temporary restraining order, without written or oral notice to Dyer:

(a) prohibiting Dyer from (i) directly or indirectly contacting or attempting to contact any witness or victim in Criminal Case Nos. 15-CR-115 (E.D. Wis.) or 16-CR-100 (E.D. Wis.), including Mark Borst, Bakley Construction, Cindy Bakley, or any immediate family member or representative of Mr. Borst or Ms. Bakley; or (ii) directly or indirectly initiating, participating in, or continuing any state or federal lawsuit or appeal against any witness or victim in Criminal Case Nos. 15-CR-115 (E.D. Wis.) and 16-CR-100 (E.D. Wis.), including against Mark Borst, Bakley Construction, Cindy Bakley, or any immediate family member or representative of Mr. Borst or Ms. Bakley, without prior approval from this Court, and

(b) enjoining further proceedings in the following lawsuits, which serve no legitimate purpose and which are causing witnesses and victims substantial emotional distress: (i) *Krumdick, et al. v. Borst, et al.,* Case No. 2018CV000804, State of Wisconsin Circuit Court

for Walworth County; (ii) *Dyer v. Bakley, et al.,* Appellate Case No. 19-0568, Appellate Court of Illinois, Second District; and (iii) *Dyer, et al. v. Bakley, et al.,* Case No. 19LA000244, Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

(2) Schedule this matter for a hearing at the earliest possible time, so that a protective order containing the same conditions can be entered for a period of three years, 18 U.S.C. §§ 1514(a)(2)(D); 1514(b)(1), 1514(b)(5), and

(3) Grant such other and further relief as the Court deems just and proper.

Dated this 11th day of September, 2019.

MATTHEW D. KRUEGER
United States Attorney

By: /s/ Emily A. Constantine

EMILY A. CONSTANTINE
Assistant U.S. Attorney
Wisconsin Bar No.1087257
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-4394
emily.constantine@usdoj.gov

## **VERIFICATION**

I, Emily A. Constantine, hereby verify and declare under penalty of perjury that I am one of the attorneys for the United States of America in the above-captioned action, that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief. The sources of my knowledge and grounds of my belief are official files and records of the United States, publicly available files, court records, and information supplied to me by witnesses as part of my investigation in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of September, 2019, in Milwaukee, Wisconsin.

/s/ Emily A. Constantine
Emily A. Constantine
