November 27, 2017

Todd A. Dyer
Reg. No. 05409-089
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Cindy Bakley
Bakley Construction
10900 Church Street
Huntley, IL 60142

Bakleys:

As I indicated to you in a previous correspondence, you will soon be served with a Complaint for Breach of Contract for your failure to pay my dad $200,000 in reparations for filing a frivilous suit, as agreed.

Additionally, there is a demand for $500,000 for your breach of the non-disclosure provision of our Advisory/Consulting Agreement.

In violation of that Agreement, you disclosed the Advisory/Consulting Agreement to your bookkeeper, your attorney, the FBI, the IRS, and the U.S. Attorneys Office.

The initial complaint seeks $700,000.

The Second Amended Complaint to follow adds additional causes of action for a pre-planned scheme to defraud; loss of revenue and wages; the illegal recording of telephone calls; and for the illegal, unauthorized videotaping of my son JJ (James) Dyer after you specifically gave assurances that you were not recording phone calls nor videotaping.

I suggested to you strongly in 2015 that you not talk to the FBI but, rather, you require they submit their questions to you in writing and that you and your attorney then respond in writing to ensure you were not misquoted. You didn't follow my suggestion.

Now, there is an indictment that can be used as evidence along with depositions that my dad's attorney will take that should support the allegations of the indictment.

That indictment states that the Advisory/Consulting Agreement we had was a sham and that your real purpose in paying me $874,000 was **not** to negotiate a settlement.

Instead, the indictment states that you were attempting to purchase stolen evidence from my dad's home and office and stolen evidence from NACLH so that you could receive 10 million dollars from my dad, his businesses, and Errors and

Omissions insurers while at the same time, you and your attorneys were exchanging emails acknowledging the fact that the suit against my dad was frivilous.

Do you see how this might cause liability for your family?

Where was your attorney when you were making statements to the FBI that you were trying to buy stolen evidence and recording telephone calls illegally?

If you verify the allegations of the indictment, you verify going to incredible lengths to obtain a 10-million dollar settlement to which you had no legal right. Incredible liability!

If you deny the allegations of the indictment when deposed, then you set yourself up for possible perjury charges.

I do not envy your position.

Be sure to require my signature on any settlement with my dad; and, if it becomes too expensive, you may contact me through my email, tallen@incomestreamxc.com or text Whitney at (760) 408-4078, and I will tell you how to have the suit my dad filed procedurally dismissed.

Regards,

Todd A. Dyer