Gimbel·Reilly·Guerin·Brown, LLP
c/o Attorney Raymond M. Dall'osto
330 E. Kilbourn Avenue
Suite 1170
Milwaukee, WI 53202



October 29, 2018

Mr. Dall'osto:

    I am in receipt of your July 25, 2018, letter (attached). Your response is a flagrant exaggeration of the truth. Nowhere in the letter (Exhibit 1) does Father Krumdick state that he will sue Mark and his wife unless they "send" him money.

    Perhaps Mark has not been truthful with you, in which case I suggest you investigate our allegations or risk being disbarred and/or charged with a crime yourself. You are no doubt aware of the crime-fraud exception.

    Mark Borst suffered no losses as a result of his "loans" to Midwest Farmland Acquisitions Corporation. Mark and his wife likely made millions of dollars by exchanging American Farmland Partners Corporation stock warrants and/or other securities which he did not own for publicly traded Farmland Partners, Inc. (FPI:NYSE) common stock, Farmland Partners Operating Partnership, L.P. units and/or cash. The Borsts and others then waited for Farmland Partners' IPO and subsequent "restricted sale" period (the period in which insiders cannot sell) to end and then began selling those securities in open market or privately negotiated transactions as described in Farmland Partners, Inc.'s October 29, 2014, press release entitled "Farmland Partners Announces $10 Million Stock Repurchase Program." (Exhibit 2)

    There is no question that this occurred. (Exhibit 3)

    What we are looking for is a settlement commensurate with our original agreement and information that will allow us to proceed against the others involved and ultimately Farmland Partners and its affiliated entities. In exchange, we will indemnify Mark and Sydney and you and your firm. As previously agreed, Mark and Sydney will participate in future settlements over a specific benchmark level.

    You will not get another opportunity to resolve this issue.

    As you may know, Paul Pittman, Chairman of publicly traded Farmland Partners, Inc., and Jesse Hough and "certain members of Mr. Hough's family" received tens of millions of dollars in Farmland Partners Operating Partnership,

L.P. units for the business model owned by Midwest and American Farmland Partners investors. The business model designed by me which the government has alleged falsely was a fraud scheme. (Exhibit 4)

As you may also know, Nicholas Hindman continues to be involved with publicly traded Farmland Partners who now have a number of New York- and Colorado-based law firms parasitically attached to them for stock manipulation. (Exhibit 5)

I look forward to hearing back from you.

Sincerely,

Todd A. Dyer
Reg. No. 05409-089
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432