FILED
02-20-2019
Walworth County
Clerk of Circuit Court
2018CV000804
Honorable Daniel S. Johnson
Branch 2

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
WALWORTH COUNTY, WISCONSIN

| | |
|---|---|
| MELVIN E. KRUMDICK, individually; MELVIN E. KRUMDICK, Managing General Partner of the Agri Business Investors LIMITED Partnership; MELVIN E. KRUMDICK, trustee of the Todd A. Dyer Irrevocable Trust Dated 1994; and MELVIN E. KRUMDICK, trustee of the TAD3 Trust Dated 2016,<br><br>Plaintiff,<br><br>v.<br><br>MARK BORST, DANIEL BORST, and SYDNEY BORST,<br><br>Defendant. | Case No. 18CV00804 |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, MELVIN E. KRUMDICK, individually; MELVIN E. KRUMDICK, Managing General Partner of the Agri Business Investors LIMITED Partnership; MELVIN E. KRUMDICK, trustee of the Todd A. Dyer Irrevocable Trust Dated 1994; and MELVIN E. KRUMDICK, trustee of the TAD3 Trust Dated 2016, pro se, and for their Complaint against Defendants MARK BORST, MATTHEW BORST, and SYDNEY BORST, state as follows:

### I. BREACH OF CONTRACT

1. Plaintiff MELVIN E. KRUMDICK has conducted substantial business in the State of Wisconsin and the County of Walworth.

2. Defendants MARK BORST, MATTHEW BORST, and SYDNEY BORST are residents of the State of Wisconsin and County of Walworth.

3. MIDWEST FARMLAND MANAGEMENT CORPORATION did substantial business in Wisconsin.

4. MIDWEST FARMLAND LIMITED PARTNERSHIP did substantial business in Wisconsin.

5. MIDWEST FARMLAND ACQUISITIONS CORPORATION did substantial business in Wisconsin.

6. AMERICAN FARMLAND PARTNERS CORPORATION did substantial business in Wisconsin.

7. AMERICAN FARMLAND LIMITED PARTNERSHIP did substantial business in Wisconsin.

8. AGRI BUSINESS INVESTORS LIMITED PARTNERSHIP did substantial business in Wisconsin.

9. AGRI BUSINESS INVESTORS GENERAL PARTNERSHIP did substantial business in Wisconsin.

10. FARMLAND PARTNERS, INC., did substantial business in Wisconsin.

11. FARMLAND PARTNERS OPERATING PARTNERSHIP, L.P., did substantial business in Wisconsin.

12. The Plaintiff financed and developed business concepts, intellectual property, and trade secrets relating to the acquisition and consolidation of farmland using a combination of publicly traded stock, private limited partnership interests, and cash between 2000 and 2010.

13. Beginning in 2007, Plaintiff contributed up to $500,000 toward development costs for what would be the first publicly trade consolidation of farmland under the name MIDWEST FARMLAND PARTNERS.

14. MIDWEST FARMLAND PARTNERS was comprised of three (3) entities. A corporation, MIDWEST FARMLAND MANAGEMENT CORPORATION, designed to buy farmland with stock in lieu of cash. Farmers could also elect to take up to 40% cash in payment for their farms.

15. MIDWEST FARMLAND PARTNERS' other entities included a limited partnership, MIDWEST FARMLAND LIMITED PARTNERSHIP, designed to buy farmland with limited partnership interests in those states that prohibited the ownership of farmland by foreigners and corporations. Likewise, farmers could elect to take up to 40% of their sale price in cash.

16. Together, MIDWEST FARMLAND MANAGEMENT CORPORATION and MIDWEST FARMLAND LIMITED PARTNERSHIP were designed to be land-owning entities.

17. A third entity, MIDWEST FARMLAND ACQUISITIONS CORPORATION, was created to perform the due diligence and research on MIDWEST FARMLAND PARTNERS' farmland

acquisitions targets, provide start-up capital, and create a public website. MIDWEST FARMLAND ACQUISITIONS CORPORATION was never designed to own farmland.

18. Beginning in 2008 and continuing through 2009, Defendant loaned Plaintiff's MIDWEST FARMLAND ACQUISITIONS CORPORATION $800,000 toward the start-up and development costs of MIDWEST FARMLAND PARTNERS.

19. In 2010, Defendant and Plaintiff, inter alia, sold the MIDWEST FARMLAND PARTNERS business concept, related intellectual property, and trade secrets in a Buyout Agreement dated September 25, 2010, to successor entity AMERICAN FARMLAND PARTNERS, for which they received four (4) million 10-year stock warrants in AMERICAN FARMLAND PARTNERS CORPORATION.

20. A stock warrant allows the warrant holder to buy a specified number of shares of stock at a specified price for a specified period of time. The cost of converting a warrant to a common share of stock under the agreement was $1.00 per warrant (strike price).

21. As a condition of the Buyout Agreement, AMERICAN FARMLAND PARTNERS CORPORATION was required to be a publicly traded entity within one (1) year at a minimum share price of five dollars ($5.00) or issue sellers an additional one-and-a-half (1.5) million "penalty" warrants.

22. The stock warrants were not issued individually to Defendant or Plaintiff, but to the AGRI BUSINESS INVESTORS LIMITED PARTNERSHIP.

23. Plaintiff is the Managing General Partner of AGRI BUSINESS INVESTORS LIMITED PARTNERSHIP.

24. As Managing General Partner, Plaintiff has authority to make decisions of behalf of the partnership and run the day-to-day business of the partnership.

25. Defendant is not a partner, but rather a creditor/lender.

26. Defendant has no authority or operational control.

27. AMERICAN FARMLAND PARTNERS, like MIDWEST before it, had a corporate entity, AMERICAN FARMLAND PARTNERS CORPORATION, and an affiliated, private

limited partnership, AMERICAN FARMLAND LIMITED PARTNERSHIP, collectively AMERICAN FARMLAND PARTNERS.

28. As a means of escaping the taint of a number of regulatory and criminal investigations, and as a means of escaping the aforementioned twenty-plus (20+) million dollar Buyout Agreement, AMERICAN FARMLAND PARTNERS CORPORATION became publicly traded FARMLAND PARTNERS, INC. (FPI:NYSE), and AMERICAN FARMLAND LIMITED PARTNERSHIP became FARMLAND PARTNERS OPERATING PARTNERSHIP, L.P.

29. FARMLAND PARTNERS, INC., went public in April 2014 with its affiliated private, limited partnership, FARMLAND PARTNERS OPERATING PARTNERSHIP, L.P., collectively "Farmland Partners," and has acquired nearly one-and-a-half (1.5) billion dollars of U.S. farmland (including the largest single farmland sale in Illinois history) using business concepts, intellectual property, and trade secrets owned by Plaintiff and other former MIDWEST and AMERICAN FARMLAND PARTNERS investors.

30. Defendant, Plaintiff, and others had contracts, verbal and written, as enumerated in this Complaint relating to possession, conversion, income, and the eventual sale of securities issued to Defendant and Plaintiff's designatee, AGRI BUSINESS INVESTORS LIMITED PARTNERSHIP. These contracts created obligations. Those obligations were breached, and as a result, Plaintiff and others were damaged. Defendant breached his contract with Plaintiff through the following acts or omissions:

31. The Defendant and others convinced the State of Wisconsin, Department of Securities, State of Illinois, Securities Department, FBI, IRS, US Attorney Office in Wisconsin, and investors that Defendant was a passive, unknowing investor who had been victimized by Plaintiff and that Defendant had bought Plaintiff's AMERICAN FARMLAND PARTNERS CORPORATION stock warrants in a 2012 transaction.

32. In truth, and as Defendant well knew, Plaintiff continues to own and control

all business concepts, intellectual property, and trade secrets.

33. Further, Plaintiff controls all five million four hundred and ninety-nine thousand (5,499,000) AMERICAN FARMLAND PARTNERS CORPORATION stock warrants, 1,000 common shares, and through them, affiliated, private, limited partnership, AMERICAN FARMLAND LIMITED PARTNERSHIP.

34. Based on material misrepresentations, omissions, and attestations, Defendant exchanged AMERICAN FARMLAND PARTNERS CORPORATION stock warrants and AMERICAN FARMLAND LIMITED PARTNERSHIP interests belonging to Plaintiff's designatee, AGRI BUSINESS INVESTORS LIMITED PARTNERSHIP, for publicly traded FARMLAND PARTNERS, INC.'s common stock, FARMLAND PARTNERS OPERATING PARTNERSHIP, L.P., units and/or cash, thereby denying Plaintiff the return of his original investment, a return on his original investment (profit) and control over the world's fastest growing farmland Real Estate Investment Trust (REIT), publicly traded FARMLAND PARTNERS, INC., and its affiliated, private, limited partnership, FARMLAND PARTNERS OPERATING PARTNERSHIP, L.P.

WHEREFORE, the Plaintiff, MELVIN E. KRUMDICK, prays that the Court enters judgment in his favor in an amount (based on publicly traded Farmland Partners, Inc.'s Initial Public Offering [IPO] price of $14.00 per share, times Plaintiff's 5.5 million stock warrants) in excess of $77,000,000.00 against Defendant MARK BORST with costs of suit to be paid by Defendant.

**MELVIN E. KRUMDICK**, pro se

*Mel Krumdick*

Melvin E. Krumdick
Managing General Partner
Agri Business Investors LIMITED Partnership
1178 S. Elmwood Avenue
Oak Park, IL  60304
708.848.4567
frmelk@aol.com
agribusinessinvestorslp@gmail.com

## DISCLOSURE/CLARIFICATION

Exhibits 1 through 34 are incorporated by reference herein and support the corresponding Complaint allegations, also numbered 1 through 34.

Additional relevant exhibits A through V support further the Plaintiff's Complaint.

## EXHIBIT DESCRIPTION

1A   Superseding indictment for Case No. 15-CR-115, dated October 12, 2016

Relevance:

Documents the alleged acts occurred in the Eastern District of Wisconsin (Lake Geneva), that Father Krumdick was indicted, and that on December 2, 2016, all charges against Father Krumdick were subsequently dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2018, I mailed the foregoing Complaint to the following parties by placing the same in a United States mailbox with first class postage prepaid:

    Mark Borst
    2115 Ridge Drive
    Lake Geneva, WI 53147

    Attorney Raymond M. Dall'osto
    Gimbel·Reilly·Guerin·Brown, LLP
    330 East Kilbourn Avenue
    Suite 1170
    Milwaukee, WI 53202

*/s/ Mel Krumdick*
Melvin E. Krumdick, pro se

**FILED**

**DEC 21 2018**

CIRCUIT COURT
WALWORTH COUNTY
KELLY POPELKA