June 25, 2019

Attorney Raymond Doll'Osto
330 E. Kilbourn Avenue, Suite 1170
Milwaukee, WI  53202

> Re: Request for Admissions, Set No. 1
>     Walworth County Court Case No. 18CV000804

Mr. Dall'Osto:

Per Mr. Krumdick's request, I am forwarding you Set No. 1 of the Request for Admissions for Walworth County Court Case No. 18CV000804.

You will likewise receive a copy from Mr. Krumdick directly and a copy of the certificate of service mailed to the Walworth County Clerk's Office.

Regards,

Todd A. Dyer
Reg. No. 05409-089
F.C.I. Elkton
P.O. Box 10
Lisbon, OH  44432

Gimbel, Reilly, Guerin & Brown LLP

JUL - 1 2019

--------------------------------------------------------------------------------

FROM: Krumdick, Father Mel
TO: 05409089
SUBJECT: RE: Request for Admissions Borst Suit 804
DATE: 06/24/2019 12:51:04 AM

Todd,

Yes, confirmation for you to sign my name as necessary for papers for the Mark Borst case.

PEACE
FR MEL

TODD A DYER on 6/22/2019 11:34:17 PM wrote
Mel:
I just want to confirm one more time that you want me to sign your name and forward the Request for Admission to Mark Borst's attorney and then send you a copy (too) that you will also sign and forward along with a certificate of service to the Court alerting it of the fact that Borst's attorney received it. Please confirm.

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
WALWORTH COUNTY, WISCONSIN

MELVIN E. KRUMDICK, individually;
MELVIN E. KRUMDICK, Managing General
Partner of the Agri Business Investors
LIMITED Partnership; MELVIN E. KRUMDICK,
trustee of the Todd A. Dyer Irrevocable
Trust Dated 1994; and MELVIN E. KRUMDICK,
trustee of the TAD3 Trust Dated 2016,

      Plaintiff,

v.

MARK BORST and DANIEL BORST,
FPI Agri Business,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 18CV00804

REQUEST FOR ADMISSIONS


PROPOUDING PARTY: Todd A. Dyer, et al.

RESPONDING PARTY: Mark Borst

SET NO.: 1

      Plaintiff requests that Defendant Mark Borst admit the truth of the matters
forth in these Requests for Admissions.

DEFINITIONS

"You" refers to Mark Borst.

INSTRUCTIONS

A.    You must separately answer each of the following requests by either admission,
denial, or objection.

B.    If you object, you must state the reasons for the objection.

C.    Any denials must specify the matter denied or set forth in detail why you
cannot truthfully admit or deny the matter.

D.    Denials must fairly meet the substance of the requested admissions; if good
faith requires that you qualify an answer and deny only part of the matter, you
must specify so much of the requested matter as is true and qualify or deny the
remainder.

E.   Lack of information or knowledge is not grounds for a failure to admit or deny unless you state that you have made reasonable inquiry and that the information known to or readily obtainable by you is insufficient to enable you to admit or deny.

F.   If you fail to admit the truth of any matter as requested, and if the Plaintiff proves the truth of the matter, Plaintiff may be entitled to apply to the Court, pursuant to Wisconsin Rules for Civil Procedures § 804.11, for an order requiring you to pay the reasonable expenses incurred in proving the matter, including a reasonable attorney's fee.

PLEASE TAKE NOTE THAT UNLESS YOU SERVE A WRITTEN ANSWER OR OBJECTION ADDRESSED TO EACH MATTER WITHIN 30 DAYS OF THE DATE OF SERVICE OF THESE REQUESTS, THEY SHALL BE DEEMED ADMITTED AND THE MATTERS CONTAINED IN THEM SHALL BE CONCLUSIVELY ESTABLISHED.

REQUESTS

YOU ARE REQUESTED TO ADMIT THE FOLLOWING:

REQUEST No. 1.  You told investigators that you were a shareholder in the Midwest and American Farmland Partners entities and that you believed you were free to sell your shares as you pleased, just like you do cars.

RESPONSE:



REQUEST No. 2.  You told investigators that you opened a checking account that was a repository for the proceeds of the sale of American Farmland Partners Corporation stock warrants.

RESPONSE:

REQUEST No. 3.  You told investigators that you opened the Post Office Box for Agri Business Investors GENERAL Partnership located at the Springfield, Wisconsin, post office.

RESPONSE:


REQUEST No. 4.  You told investigators that you routinely signed the American Farmland Partners Corporation stock warrants sold to investors in the 2010 and 2011 transactions.

RESPONSE:


REQUEST No. 5.  You were not actively involved in selling your stock warrants.

RESPONSE:


REQUEST No. 6.  You told investigators that Todd Dyer told you your loans to Midwest Farmland Acquisitions Corporation would generate a 6% guaranteed return.

RESPONSE:


REQUEST No. 7.  You told Special Agent Rhonda Karpinski, IRS, that you invested $500,000 in Midwest Farmland Partners.

RESPONSE:


REQUEST No. 8.  You told State of Wisconsin, Department of Securities, investigator Mark Dorman that you invested $500,000 in Midwest Farmland Partners.

RESPONSE:

REQUEST No. 9.  You told State of Wisconsin, Department of Securities, investigator Mark Dorman that you sold Phan Doan some of your Midwest Farmland Partners securities because you needed the money.

RESPONSE:

REQUEST No. 10.  You told investigators that Todd Dyer was removed from Midwest and American Farmland Partners because "unknown individuals" were not comfortable with Dyer remaining a principal and that the American Farmland Partners Corporation Founders Buyout Agreement was amicable among the parties.

RESPONSE:

REQUEST No. 11.  You repeatedly referred to the Midwest and American Farmland Partners entities as Dyer's businesses when speaking to investigators.

RESPONSE:

REQUEST No. 12.  You believe the owner of the American Farmland Partners Corporation stock warrants issued in connection with the 2010 American Farmland Partners Corporation Founders Buyout Agreement changed from Agri Business Investors LIMITED Partnership (as originally agreed) to Agri Business Investors GENERAL Partnership on September 30, 2010.

RESPONSE:

REQUEST No. 13.  You made your loans to Midwest Farmland Acquisitions Corporation in 2008 and 2009.

RESPONSE:


REQUEST No. 14.  You signed a Chase Bank account signature authority for the Midwest Farmland Acquisitions Corporation as Vice President.

RESPONSE:


REQUEST No. 15.  You told investigators that Todd Dyer instructed you to execute a wire transfer to Roger Miller for $10,030.37.

RESPONSE:


REQUEST No. 16.  You told investigators that you did not respond to the Temporary Order of Prohibition issued by the State of Illinois, Securities Department, on August 27, 2010.

RESPONSE:


REQUEST No. 17.  You know that at least one (1) of the previous Midwest/American Farmland Partners investors profited from the initial public offering of publicly traded Farmland Partners, Inc. (FPI:NYSE).

RESPONSE:

REQUEST No. 18.  You know that at least two (2) of the previous Midwest/American Farmland Partners investors profited from the initial public offering of publicly traded Farmland Partners, Inc. (FPI:NYSE).

RESPONSE:


REQUEST No. 19.  You know at least three (3) of the previous Midwest/American Farmland Partners investors profited from the initial public offering of publicly traded Farmland Partners, Inc. (FPI:NYSE).

RESPONSE:


REQUEST No. 20.  You know at least four (4) of the previous Midwest/American Farmland Partners investors profited from the initial public offering of publicly traded Farmland Partners, Inc. (FPI:NYSE).

RESPONSE:


REQUEST No. 21.  You know at least five (5) of the previous Midwest/American Farmland Partners investors profited from the initial public offering of publicly traded Farmland Partners, Inc. (FPI:NYSE).

RESPONSE:


REQUEST No. 22.  You are aware of the fact that someone was buying back Midwest and American Farmland Partners securities leading up to the formation of publicly traded Farmland Partners and its affiliated, private, limited partnership, Farmland Partners Operating Partnership, L.P.

RESPONSE:


REQUEST No. 23. You have been made aware of the fact that the owner of the American Farmland Partners Corporation stock warrants issued in connection with the 2010 American Farmland Partners Corporation Founders Buyout Agreement is still Agri Business Investors LIMITED Partnership, not Agri Business Investors GENERAL Partnership.

RESPONSE:


REQUEST No. 24. You are aware of the fact that neither Todd Dyer nor Father Krumdick had the passwords to the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 25. You authorized Father Krumdick to receive a debit card for the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 26. You told investigators that your brother received Midwest and/or American Farmland Partners securities issued by Todd Dyer.

RESPONSE:

REQUEST No. 27.  You and/or members of your family profited from the initial public offering of Farmland Partners, Inc. (FPI:NYSE), and/or affiliated, privated, limited partnership, Farmland Partners Operating Partnership, L.P.

RESPONSE:


REQUEST No. 28.  You were aware of the State of Illinois, Securities Department, and State of Wisconsin, Department of Securities, investigations when you sold American Farmland Partners Corporation stock warrants owned by Agri Business Investors LIMITED Partnership in 2010 and 2011.

RESPONSE:


REQUEST No. 29.  You signed all American Farmland Partners Corporation stock warrants sold to investors in 2010 and 2011 as Managing General Partner of the Agri Business Investors LIMITED Partnership.

RESPONSE:


REQUEST No. 30.  You accepted all incoming wire transfers into the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 31.  You received all Community Bank account monthly statements as Managing General Partner for the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 32.  You took personal possession of the "bonus" or "penalty" stock warrants issued by American Farmland Partners Corporation, January 26, 2012.
RESPONSE:


REQUEST No. 33.  You repeatedly confirmed to previous Midwest and American Farmland Partners officers, directors, and investors that you were the largest owner of American Farmland Partners Corporation stock warrants.
RESPONSE:


REQUEST No. 34.  You told AUSA Joseph Wall, AUSA Benjamin Proctor, Special Agent Michael Johnson, FBI Special Agent Rhonda Karpinski, IRS, and Attorney Raymond Dall'osto that Todd Dyer controlled the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.
RESPONSE:


REQUEST No. 35.  You told previous Midwest and American Farmland Partners officers, directors, and investors that the recipient of the American Farmland Partners Corporation stock warrants received by Todd Dyer, Father Krumdick, and you for Todd Dyer's business model and yours and Father Krumdick's contributions of time and money toward the development of the farmland business model known as Midwest and American Farmland Partners was changed from Agri Business Investors LIMITED Partnership (as originally agreed) to Agri Business Investors GENERAL Partnership on

September 30, 2010.

RESPONSE:


REQUEST No. 36.  You and you alone made all physical deposits of investor funds to
the Community Bank account in the name of Agri Business Investors GENERAL
Partnership ending in XXX808.

RESPONSE:


REQUEST No. 37.  You accepted all incoming wire transfers of investor funds to the
Community Bank account in the name of Agri Business Investors GENERAL Partnership
ending in XXX808.

RESPONSE:


REQUEST No. 38.  You obtained all cashiers checks obtained from the Community Bank
account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 39.  You told investigators that you invested in Midwest Farmland
Management Corporation by purchasing stock.

RESPONSE:


REQUEST No. 40.  You told investigators that you invested in Midwest Farmland
Limited Partnership by purchasing limited partnership interests.

RESPONSE:

REQUEST No. 41. You told investigators and others that you owned American Farmland Partners Corporation stock warrants.

RESPONSE:

REQUEST No. 42. You were served with a Temporary Order of Prohibition prohibiting you from selling Midwest and/or American Farmland Partners securities in the State of Illinois on August 27, 2010.

RESPONSE:

REQUEST No. 43. You told investigators that you did not respond to the State of Illinois, Securities Department, Temporary Order of Prohibition dated August 27, 2010.

RESPONSE:

REQUEST No. 44. The $800,000 in deposits that you made to Midwest Farmland Acquisitions Corporation represented loans.

RESPONSE:

REQUEST No. 45. You told investigators that you did not know the identities of the investors who purchased American Farmland Partners Corporation stock warrants sold by Agri Business Investors LIMITED Partnership and deposited in the Community Bank

account ending in XXX808.

RESPONSE:


REQUEST No. 46. You told investigators that you were an advisor to the American Farmland Partners entities and that your responsibilities included reassuring potential investors that the American Farmland Partners entities were legitimate.

RESPONSE:


REQUEST No. 47. You signed a notarized document which stated that Todd Dyer had no managerial control over, or equity interest in, American Farmland Partners Corporation, American Farmland Limited Partnership, Midwest Farmland Limited Partnership, or Agri Business Investors GENERAL Partnership after September 23, 2010.

RESPONSE:


REQUEST No. 48. You were a party to an email between Nicholas C. Hindman, Sr., disbarred attorney George C. Hook, and yourself in which you discussed renegotiating the original American Farmland Partners Corporation Founders Buyout Agreement of September 23, 2010, in which you, Todd Dyer, and Father Krumdick were to receive four million stock warrants with the agreement that those stock warrants be publicly traded within one year at a minimum share price of $5.00 per share (20 million dollars), and that as part of that renegotiation, you, Hindman, and Hook discussed plans to pay Dyer and Krumdick $300,000 instead.

RESPONSE:

REQUEST No. 49.  On January 10, 2012, you were party to an email between American Farmland Partners Corporation Chairman Nicholas C. Hindman, Sr., and American Farmland Partners Corporation Vice President and disbarred attorney George C. Hook in which you collectively colluded in a scheme to restructure the original Buyout Agreement from the twenty-plus million dollars, as originally agreed, to an alternate plan in which Todd Dyer and Father Krumdick would receive $300,000 in total and you would loan Hook $450,000 for the purchase of a condominium.

RESPONSE:


REQUEST No. 50.  On February 12, 2012, you were party to a meeting at your Springfield Auto Sales office between American Farmland Partners Corporation Chairman Nicholas C. Hindman, Sr., and American Farmland Partners Corporation Vice President and disbarred attorney George C. Hook in which you discussed plans to move forward the Midwest and American Farmland Partners Corporation business model designed by Todd Dyer and subsidized by yourself, Father Krumdick, and other previous Midwest and American Farmland Partners investors without Dyer.

RESPONSE:


REQUEST No. 51.  You signed and initialed a Midwest Farmland Limited Partnership prospectus that admonished you to the fact that you understood that Midwest Farmland Partners investors were not expected to receive interest returns until 2012 and that the 6% return was not guaranteed.

RESPONSE:

REQUEST No. 52. You told AUSA Wall and AUSA Proctor that you invested in Midwest Farmland Partners and that Todd Dyer told you the interest was guaranteed.

RESPONSE:


REQUEST No. 53. You obtained all cashiers checks withdrawn from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 54. You are aware of the fact that neither Todd Dyer nor Father Krumdick possessed online banking privileges for the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 55. You told investigators that Todd Dyer produced a Profit and Loss Statement for Midwest Farmland Acquisitions Corporation documenting expenditures.

RESPONSE:


REQUEST No. 56. You told investigators that Todd Dyer was making large withdrawals from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808 without your knowledge.

RESPONSE:


REQUEST No. 57. You sold all American Farmland Partners Corporation stock warrants

in the name of Agri Business Investors LIMITED Partnership in 2010 and 2011 after receiving a Temporary Order or Prohibition from the State of Illinois, Securities Department.

RESPONSE:


REQUEST No. 58.  You signed all American Farmland Partners Corporation stock warrants sold in the name of Agri Business Investors LIMITED Partnership.

RESPONSE:


REQUEST No. 59.  You possessed the only check book issued by Community Bank in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 60.  You told State of Wisconsin, Department of Securities, investigator Mark Dorman that you possessed paperwork in which Todd Dyer told you that you would receive stock warrants in Midwest Farmland Partners.

RESPONSE:


REQUEST No. 61.  You told State of Wisconsin, Department of Securities, investigator Mark Dorman that Todd Dyer told you about his criminal conviction for securities-related crimes before you became involved with Midwest Farmland Partners.

RESPONSE:

REQUEST No. 62.   You told investigators that Agri Business Investors GENERAL Partnership owned no assets, including farmland.

RESPONSE:


REQUEST No. 63.   You told investigators that once you bought Todd Dyer and Father Krumdick out of Agri Business Investors GENERAL Partnership, that the partnership was dissolved and that anything owned by the partnership became yours individually.

RESPONSE:


REQUEST No. 64.   You told investigators that you closed the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808 and shortly thereafter closed the Agri Business Investors GENERAL Partnership post office box located in Springfield, Wisconsin.

RESPONSE:


REQUEST No. 65.   You told investigators that American Farmland Partners Corporation Chairman Nicholas C. Hindman, Sr., sent previous Midwest and American Farmland Partners investors emails that you were the new chairman.

RESPONSE:


REQUEST No. 66.   You told investigators that you do not remember what representations you made to investor Phan Doan.

RESPONSE:

REQUEST No. 67.  You told investigators that you believed you sold investor Phan Doan Midwest Farmland Partners stock even though the certificates received by Doan stated that they were limited partnership interests.

RESPONSE:

REQUEST No. 68.  You told investigators that the proceeds of the sale of securities sold to Phan Doan were split equitably between Todd Dyer, Father Krumdick, and yourself.

RESPONSE:

REQUEST No. 69.  You told investigators that Jovana Walker's statement that you were laundering money for Todd Dyer were untrue and that Todd Dyer never gave you money to invest.

RESPONSE:

REQUEST No. 70.  You are aware of the fact that the government first alleged you were Todd Dyer's co-conspirator in the alleged Midwest and American Farmland investment scheme, but later identified you as a victim of Todd Dyer.

RESPONSE:

REQUEST No. 71.  You told investigators that you purchased Todd Dyer and Father Krumdick's American Farmland Partners Corporation stock warrants for $25,000 each in 2011 and 2012 transactions.

RESPONSE:

REQUEST No. 72.  You told investigators that you were surprised to find out how much money had been deposited to the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 73.  You told investigators that you gave Father Krumdick cash withdrawn from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 74.  You did not issue K-1 statements for the Agri Business Investors GENERAL Partnership to Todd Dyer or Father Krumdick.

RESPONSE:


REQUEST No. 75.  You told investigators that you feared Todd Dyer would quickly liquidate the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808, so you began withdrawing money.

RESPONSE:


REQUEST No. 76.  You told investigators that the cash withdrawals you made from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808 went to Todd Dyer.

RESPONSE:

REQUEST No. 77.  You told investigators that you received a call from a potential investor with an Indian accent that you believe was Todd Dyer disguising his voice.

RESPONSE:

REQUEST No. 78.  You told investigators that you agreed to sell some of your Midwest Farmland Partners shares because you needed the money.

RESPONSE:

REQUEST No. 79.  You were the only individual with a key to the Agri Business Investors GENERAL Partnership post office box.

RESPONSE:

REQUEST No. 80.  The stock warrant sale paperwork sent to investors by Agri Business Investors LIMITED Partnership was returned to the Agri Business Investors GENERAL Partnership post office box that you controlled.

RESPONSE:

REQUEST No. 81.  State of Wisconsin, Department of Securities, investigator Mark Dorman told you that Nicholas C. Hindman, Sr., told him that you were not an investor in Midwest Farmland Partner.

RESPONSE:

REQUEST No. 82.  You informed investigators that you did not respond to the State of Illinois, Securities Department, Temporary Order of Prohibition issued to you.
RESPONSE:


REQUEST No. 83.  You were issued an Order of Prohibition relative to the Midwest and American Farmland Partners prior to selling American Farmland Partners Corporation stock warrants owned by Agri Business Investors LIMITED Partnership.
RESPONSE:


REQUEST No. 84.  You have taken the position that you and you alone controlled the American Farmland Partners Corporation stock warrants following the modification of the American Farmland Partners Corporation Founders Buyout Agreement on September 30, 2010, changing the recipient of the stock warrants from Agri Business Investors LIMITED Partnership (as originally agreed) to Agri Business Investors GENERAL Partnership.
RESPONSE:


REQUEST No. 85.  You told investigators that withdrawals were made from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808 without your knowledge.
RESPONSE:


REQUEST No. 86.  You signed all outgoing wire transfers for the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.
RESPONSE:

REQUEST No. 87.  You made all teller withdrawals from the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 88.  You deposited or accepted all proceeds resulting from the sale of American Farmland Partners Corporation stock warrants owned by Agri Business Investors LIMITED Partnership into the Community Bank account in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 89.  You told investigators that you did not authorize the release of your personal or business bank records to anyone associated with the Midwest and/or American Farmland Partners investigations.

RESPONSE:


REQUEST No. 90.  You told investigators that the Midwest Farmland entities were Todd Dyer's businesses.

RESPONSE:


REQUEST No. 91.  You told investors falsely that you had contributed approximately $500,000 toward the launch of the Midwest Farmland entities.

RESPONSE:

REQUEST No. 92.   You told the US attorney in Wisconsin that you invested approximately $800,000 into Todd Dyer's businesses.

RESPONSE:


REQUEST No. 93.   You told the US attorney in Wisconsin that you settled a lawsuit filed by disgruntled investor David Gee by agreeing to pay him $25,000.

RESPONSE:


REQUEST No. 94.   You told the US attorney in Wisconsin that you closed the Community Bank account opened in the name of Agri Business Investors GENERAL Partnership ending in XXX808.

RESPONSE:


REQUEST No. 95.   You told the US attorney in Wisconsin that Todd Dyer was unaware of the fact that you were cooperating against Dyer in pursuit of federal criminal charges.

RESPONSE:


REQUEST No. 96.   You told the US attorney in Wisconsin that after selling investor Phan Doan some of your shares, you believed you would still own thousands of shares.

RESPONSE:

REQUEST No. 97.  You told the US attorney in Wisconsin that neither Todd Dyer nor Father Krumdick returned the $25,000 you paid them after you purchased their American Farmland Partners Corporation stock warrants as was agreed.

RESPONSE:


REQUEST No. 98.  You told the US attorney in Wisconsin that you were concerned that investors would attempt to recover their losses from you.

RESPONSE:


REQUEST No. 99.  You told the US attorney in Wisconsin that, by your estimation, the total amount of investors deposits to the Community Bank account ending in XXX808 was approximately $800,000.

RESPONSE:


REQUEST No. 100.  You told the US attorney in Wisconsin that Todd Dyer divided the funds deposited into the Community Bank account ending in XXX808 as he saw fit.

RESPONSE:


REQUEST No. 101.  You told the US attorney in Wisconsin that the American Farmland Partners Corporation Bonus Warrants were not issued.

RESPONSE:

REQUEST No. 102. You told the US attorney in Wisconsin that you described Dyer as a nice guy.

RESPONSE:


REQUEST No. 103. You told the US attorney in Wisconsin that you did not authorize the release of your bank records to any individual or government agency.

RESPONSE:


REQUEST No. 104. You were party to a partnership that received American Farmland Partners Corporation stock warrants in 2011 in exchange for the assets of Midwest Farmland Limited Partnership and Midwest Farmland Management Corporation.

RESPONSE:


REQUEST No. 105. You and/or members of your family were/are party to a partnership that received American Farmland Partners Corporation stock warrants in 2011 in exchange for the assets of Midwest Farmland Limited Partnership and Midwest Farmland Management Corporation.

RESPONSE:


REQUEST No. 106. You and/or your attorney are consulting with the FBI, IRS, and/or U.S. Attorneys Office in Wisconsin prior to responding to these Requests for Admissions.

RESPONSE:

*Melvin Krumdick*

Father Melvin E. Krumdick
1178 South Elmwood Ave.
Oak Park, IL  60304
(708) 848-4567  phone
frmelk@aol.com  email




U.S. POSTAGE PAID
FCM LG ENV
LISBON, OH
44432
JUN 27, 19
AMOUNT

$0.00

R2305M145065-03

53202

1000

UNITED STATES
POSTAL SERVICE





**CERTIFIED MAIL**

7017 2620 0000 2330 1451

⟨⟩05409-089⟨⟩
Raymond Dall Osto
330 E Kilbourn AVE
Suite 1170
Milwaukee, WI 53202
United States

NAME: Todd Dyer
REG.#: 05409-089
Federal Correctional Institution Elkton
P.O. Box 10
Lisbon, Ohio 44432

# FEDERAL CORRECTIONAL INSTITUTION

P. O. BOX 129

LISBON, OHIO 44432 _____

JUN 2 7 2019

DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL
MAILING PROCEDURES FOR FORWARDING TO YOU. THE
LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE
WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER CLARIFICATION. IF THE WRITER
ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE. PLEASE RETURN THE ENCLOSURE TO THE ABOVE
ADDRESS.

REQUEST FOR

ADMISSION

PLACE STICKER ON LEFT OF ENVELOPE TO THE RIGHT