

U.S. Department of Justice

United States Attorney
Eastern District of Wisconsin

*Federal Courthouse*     *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*     *TTY (414)297-1088*
*Milwaukee WI 53202*     *Fax (414) 297-1738*
    *www.usdoj.gov/usao/wie*

December 12, 2018

<u>VIA Fax and U.S. Mail</u>
The Honorable Kevin G. Costello
McHenry County Circuit Court
2200 N. Seminary Ave.
Woodstock, IL, 60098
Fax: 815-334-2054

      Re:     *Dyer v. Joan Bakely Trust, et al.*
                Case No. 18LA000315

Dear Judge Costello:

      It has come to the attention of this office that federal criminal defendant Todd A. Dyer has filed the above-referenced civil action in McHenry County Circuit Court against the Joan Bakely Trust and several members of the Bakley family. While the United States is not a party in this case, we believe the Court should be aware of the below information. We are concerned that, with this litigation, Dyer is continuing to harass crime victims because they cooperated with law enforcement.

      Todd Dyer is currently serving a 15-year sentence at Elkton Federal Correctional Institution in Lisbon, Ohio, for, among other things, devising and executing an elaborate fraud scheme against the Bakley family. *See United States v. Dyer*, Case No. 16-CR-100 (E.D. Wis.) (sentenced on March 23, 2017). The fraud concerned Dyer's role as their "consultant." The Bakley family members named as defendants in the civil action in McHenry County Circuit Court are victims of Dyer's fraud scheme in Case No. 16-CR-100 (E.D. Wis.), and U.S. District Judge Pepper ordered Todd Dyer to the pay restitution in the amount of $937,000 to the Bakley family due to Dyer's fraudulent activities. For your review, I have attached a copy of the plea agreement and judgment in Case No. 16-CR-100 (E.D. Wis.).[1]

      In closing, this Court (and Todd Dyer) should be aware that per Title 18, United States Code, Section 3664(k), Dyer is required to inform the sentencing court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution such that the sentencing court may adjust the payment

---

[1] Due to the number of pages, these documents will be included in the copy sent by U.S. Mail. They are not included with the faxed copy of this letter to the Court. The documents are publically filed and may be accessed electronically through the U.S. Court PACER system (subscription required).

schedule or require immediate payment in full as the interests of justice require. Section 3664(n) also mandates that if a defendant who is obligated to provide restitution receives substantial resources from any source including a settlement or judgment, during a period of incarceration, such defendant shall be required to apply the value of such resources to any restitution still owed.

          Sincerely,

          MATTHEW D. KRUEGER
          United States Attorney

By:   *s/Benjamin W. Proctor*

          BENJAMIN W. PROCTOR
          LISA T. WARWICK
          Assistant United States Attorneys

cc:    Todd Dyer (via U.S. Mail to Elkton FCI)
       Bakley family representative

# U.S. Department of Justice

*United States Attorney*
*Eastern District of Wisconsin*

*Federal Courthouse*      *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*     *TTY (414)297-1088*
*Milwaukee WI 53202*      *Fax (414) 297-1738*
     *www.usdoj.gov/usao/wie*

May 21, 2019

<u>VIA U.S. Mail</u>
Todd Dyer, Inmate
FCI Elkton
Federal Correctional Institution
P.O. BOX 10
Lisbon, OH 44432

       Re:    *Witness retaliation in violation of 18 U.S.C. § 1513*

Mr. Dyer:

This letter concerns your continued harassment of the Bakley family through a lawsuit and personal contact. It follows up on my prior letter dated December 8, 2018, to the McHenry County Circuit Court, a copy of which was sent to you at Elkton FCI.

As you well know, in *United States v. Dyer*, Case No. 16-CR-100-PP (E.D. Wis.), you pleaded guilty to, and were convicted of, executing a scheme to defraud the Bakley family. As part of that guilty plea, you acknowledged that your purpose for interacting with the Bakleys was to perpetuate a fraud scheme. You further acknowledged that the "consulting agreements" you drafted and had the Bakleys sign were done in furtherance of the fraud scheme.

Despite these acknowledgements, you have continued to harass the Bakley family by sending letters to them directly and filing a lawsuit in McHenry County (IL) Circuit Court. In the letters and the lawsuit, you allege that the Bakley family violated "confidentiality" provisions of the fraudulent "consulting agreements" by contacting the FBI to report your illegal conduct, and you seek $500,000 in purported damages. You do this even though U.S. District Judge Pepper ordered that you pay $937,000 in restitution to the Bakley family.[1] To counter your frivolous lawsuit, the Bakley family has had to hire counsel at considerable expense.

---

[1] This is in addition to the millions of dollars you still owe to other victims of your other fraud schemes—all of which you acknowledged in guilty pleas. *See United States v. Dyer*, Case No. 15-CR-115-JPS (E.D. Wis.) (restitution order of $1,802,482.00); *United States v. Dyer*, Case No. 98-CR-176-RTR (restitution order of $2,213,573.31).

In response to my letter to the McHenry County Court, you submitted a letter dated December 29, 2018—copying my office, the federal court, the state court, and the Bakley's—claiming that you are pursuing these attacks on the Bakley's because your federal conviction in Case No. 16-CR-100 (E.D. Wis.) was "obtained illegally." This is not true. The district court addressed and rejected this exact claim, and your convictions were affirmed by the U.S. Court of Appeals for the Seventh Circuit. *United States v. Dyer*, App. Nos. 17-1580 and 17-1776 (7th Cir.).

Further, because you currently owe millions of dollars in restitution to victims of your numerous fraud schemes—including $937,000 to the Bakley's—any proceeds you could possibly receive as "damages" in these lawsuits *must* be applied to your restitution obligations. In other words, neither you nor your associates could legally keep any money obtained through a lawsuit against, or settlement with, the Bakleys. This fact, which was spelled out in my prior letter to you and the McHenry Count Court, further demonstrates that your actions lack any legitimate purpose.

With this in mind, the United States considers your conduct against the Bakleys to be witness retaliation in violation of 18 U.S.C. § 1513. Such a violation carries a maximum 10-year prison sentence, which could be imposed on top of any sentence you are currently serving. This letter is intended to put you on notice that the United States may pursue charges against you for witness retaliation, and that *all past and future* efforts to contact the Bakley family or their representatives—including contact as part of any legal action—may be used against you. Should you decide to immediately stop all contact with the Bakley family and voluntarily drop your frivolous lawsuit, my office will take those actions into consideration.

        Sincerely,

        MATTHEW D. KRUEGER
        United States Attorney

By:   *s/Benjamin W. Proctor*

        BENJAMIN W. PROCTOR
        Assistant United States Attorneys

cc:    Bakley family representative
       U.S. District Judge Pamela Pepper (via ECF in EDWI Case No. 16-CR-100)
       U.S. District Judge J.P. Stadtmueller (via ECF in EDWI Case No. 15-CR-115)
       McHenry County Circuit Court Judge Kevin Costello (via U.S. Mail)
       Elkton FCI case manager for inmate Todd Dyer (via U.S. Mail)