UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                          Case No.  2:19-cv-01319-PP

TODD DYER,

    Defendant.

---

## ANSWER

---

Now comes the above named defendant, TODD DYER, by his attorneys, Penegor & Lowenberg Law Offices by Attorney Robert J. Penegor, and as and for an answer to the Complaint of the Plaintiff, UNITED STATES OF AMERICA, admit, deny and allege as follows:

1. *This is a civil action by the United States of America, pursuant to 18 U.S.C. §§ 1514 and 3771, for a temporary restraining order and protective order prohibiting Dyer from harassing witnesses and victims in Eastern District of Wisconsin Criminal Case Nos. 15-CR-115 and 16-CR-100, including Mark Borst, Bakley Construction, Cindy Bakley, and immediate family members of Mr. Borst and Ms. Bakley. See 18 U.S.C. § 1514(d)(1)(G).*

**ANSWER**: In answer to paragraph 1 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

1

*2. Since 2017 and continuing to the present, Dyer has engaged in a course of conduct of harassing victims by threatening civil lawsuits against them, then initiating lawsuits when those victims refused to pay Dyer's so-called "settlement demands" of hundreds of thousands of dollars. Dyer's threats and lawsuits against his victims rely on the same facts that underlie Dyer's criminal convictions for fraud against those same victims, serve no legitimate purpose, and have caused his victims substantial emotional distress.*

**ANSWER:** In answer to paragraph 2 of the Plaintiff's Complaint, Defendant denies the allegations contained therein.

## JURISDICTION AND VENUE

*3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.*

**ANSWER:** In answer to paragraph 3 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*4. Venue in this Court is proper pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred within this district. In addition, venue in this Court is proper pursuant to 18 U.S.C. § 1391(b)(1) because Dyer is domiciled in Wisconsin. Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991)(noting that "the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison.")*

**ANSWER:** In answer to paragraph 4 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

## RELEVANT BACKGROUND

*5. In 2015, a grand jury in the Eastern District of Wisconsin issued an indictment charging Dyer and several accomplices with a complex fraud scheme involving purported investments in farmland. See United States v. Dyer, Case No. 15-CR-115 (E.D. Wis.) ("Farmland Case"). In 2016, a grand jury in the Eastern District of Wisconsin issued another indictment charging Dyer with defrauding the Bakley family in a completely separate fraud scheme. United States v. Dyer, Case No. 16-CR-110 (E.D. Wis.) ("Insurance Case"). True and correct copies of the indictments in the Farmland Case and in the Insurance Case are attached hereto as Exhibits 1 (indictment in the Farmland Case) and 2 (indictment in the Insurance Case).*

**ANSWER:** In answer to paragraph 5 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*6. The Farmland Case involved a fraud scheme spanning from 2008 to 2012, in which Dyer and his accomplices, including Melvin Krumdick, solicited investments in companies that Dyer created to supposedly purchase farmland. Through this scheme, Dyer and his accomplices stole nearly $2 million in investor funds and never purchased a single acre of farmland. The charges against Krumdick were later dismissed upon motion of the government.*

**ANSWER:** In answer to paragraph 6 of the Plaintiff's Complaint, Defendant denies the allegations that he and his accomplices stole nearly $2 million in investor funds and never purchased a single acre of farmland. Defendant admits the remaining allegations contained in paragraph 6.

*7. The Insurance Case involved an elaborate fraud scheme in which Dyer collected $937,000 between 2013 and 2015 from the Bakley family by pretending to investigate a fictional plot surrounding that family's loss of a $1.9 million insurance policy. As part of that scheme, Dyer*

3

*created several "consulting agreements," which he had the Bakleys sign, to make the scheme look legitimate.*

**ANSWER:** In answer to paragraph 7 of the Plaintiff's Complaint, Defendant denies the allegations contained therein.

*8.     On December 7, 2019, Dyer signed written plea agreements and formally entered guilty pleas in the Farmland Case and in the Insurance Case. On March 8, 2017, Dyer was sentenced in the Farmland case to 180 months imprisonment, to be followed by three years of supervised release, and ordered to pay $1,802,482 in restitution to twenty-two victims of his scheme. On March 23, 2019, Dyer was sentenced in the Insurance Case to 110 months imprisonment, to be served concurrent to the sentence in the Farmland case, along with 3 years of supervised release, and restitution to Bakley Construction in the amount of $937,000. True and correct copies of the plea agreements and judgments entered in the Farmland Case and in the Insurance case are attached hereto as Exhibit 3 (plea agreement in Insurance Case), 4 (plea agreement in Farmland Case), 5 (judgment in Insurance Case), and 6 (judgment in the Farmland Case).*

**ANSWER:** In answer to paragraph 8 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*9.     Dyer appealed his convictions in both cases. On June 13, 2018, the U.S. Court of Appeals for the Seventh Circuit issued an opinion rejecting all of Dyer's arguments and affirming his convictions. See United States v. Dyer, App. Nos. 17-1580, 17-1776 (7th Cir. June 13, 2018). Dyer is currently serving his federal prison sentence at the Elkton Federal Correctional Institution*

*in Lisbon, Ohio.*

**ANSWER:** In answer to paragraph 9 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

## DYER'S HARASSMENT OF VICTIMS IN THE INSURANCE CASE

*10. Cindy Bakley is a witness and victim in the Insurance Case. Pursuant to the judgment in the Insurance Case, Dyer is obligated to pay $937,000 to the company owned by the Bakley family, the Bakley Construction Company. (See Exhibit 5, p. 4.)*

**ANSWER:** In answer to paragraph 10 of the Plaintiff's Complaint, Defendant denies the allegation that Cindy Bakley is a witness and victim in the Insurance Case and Defendant admits the remaining allegations contained therein.

*11. On or about November 27, 2017, Dyer sent Cindy Bakley a letter in which he demanded that she pay him $500,000 for "breach of the non-disclosure provision of our Advisory/Consulting Agreement" by disclosing the agreement to "the FBI, the IRS, and the U.S. Attorney's Office", among other individuals. The purported "Advisory/Consulting Agreement" was one of the agreements at the heart of Dyer's fraudulent conduct underlying his conviction in the Insurance Case. When Ms. Bakley did not respond, Dyer sent her another letter on January 3, 2018, again demanding $500,000. A true and correct copy of Dyer's November 27, 2017 letter*

is attached hereto as Exhibit 7. A true and correct copy of Dyer's January 3, 2018 letter, excluding exhibits, is attached hereto as Exhibit 8.

**ANSWER:** In answer to paragraphs 11 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

12. On September 12, 2018, Dyer filed a lawsuit against Joan Bakley, the Joan Bakley Trust, Cindy Bakley, Kenneth Bakley, Jr., Kathleen Jensen, and Bakley Construction, Inc. in the Circuit Court of the 22nd Judicial District in McHenry County, Illinois. *Dyer v. Bakley, et al.*, Case No. 18LA000315. In his complaint, which Dyer styled as a "Motion for Judgment by Confession and Default," Dyer sought a judgment in the amount of $500,000 "as penalty for the violation of the mutual agreed 'Consulting Agreement.'" A true and correct copy of Dyer's September 12, 2018 pleading in his first lawsuit against the Bakleys, excluding exhibits, is attached hereto as Exhibit 11.

**ANSWER:** In answer to paragraph 12 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

13. In or around early October 2018, Dyer sent a letter to Cindy Bakley and other members of her family in which he threatened to file another lawsuit against the Bakleys if they did not "seek a settlement outside of the purview of the Court." Dyer further threatened that his new lawsuit "could be very embarrassing to your family" and that if they did not accede to his demands, Cindy Bakley would "open [her]self up to extreme liability." ("October 2018 letter").

*A true and correct copy of Dyer's October 2018 letter is attached hereto as Exhibit 9.*

**ANSWER:** In answer to paragraph 13 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*14.     On December 31, 2018, Dyer went forward and filed his threatened second lawsuit against Joan Bakley, the Joan Bakley Trust, Cindy Jo Bakley, Kenneth Bakley, Jr., Kathleen Jensen, and Bakley Construction in McHenry County Court. Dyer v. Bakley, et al, Case No. 18LA000436. In that complaint and its attachments, Dyer alleged that the Bakley's recorded telephone conversations with Dyer "and his alleged alter ego(s) (i.e. "Robert) on multiple occasions" in violation of Illinois "Wiretapping and Eavesdropping Laws." The alleged recorded conversations that Dyer identifies in his complaint and attachments were, according to Dyer, made in connection with the "Consulting Agreements" between Dyer and the Bakleys. According to Dyer, Cindy Bakley shared such recordings with the FBI during the FBI's investigation of Dyer's fraud scheme against the Bakleys. In the lawsuit, Dyer seeks damages in excess of $3,000,000.00. A true and correct copy of Dyer's pleading in his second lawsuit against the Bakleys, excluding exhibits, is attached hereto as Exhibit 12.*

**ANSWER**.     In answer to paragraph 14 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*15.     Dyer's lawsuits against members of the Bakley family and Bakley Construction serve no legitimate purpose. Dyer has admitted as part of his guilty plea in the Insurance Case that the "Advisory/Consulting Agreements," which underlie his allegations against the Bakleys, were made in furtherance of Dyer's fraud scheme. (See Ex. 3, ¶ 5.) They are not enforceable*

*agreements in any respect. Likewise, Dyer admitted that his calls with Cindy Bakley during the fraud scheme—including when Dyer used the fake persona "Robert"— were done in furtherance of the fraud scheme. (Id.) Thus, by Dyer's admission, any recording of the calls was done with reasonable (and ultimately correct) suspicion that Dyer was engaged in criminal activity and that such recordings would be evidence of that criminal activity. Ms. Bakley's recording of the calls did not violate Illinois law. See 720 ILCS 5/14-3(i).*

**ANSWER**.  In answer to paragraph 15 of the Plaintiff's Complaint, Defendant denies the allegations that Dyer's lawsuits against members of the Bakley family and Bakley Construction serve no legitimate purpose. Defendant also denies the allegation that they are not enforceable agreements in any respect and Defendant further denies the allegation that Thus, by Dyer's admission, any recording of the calls was done with reasonable (and ultimately correct) suspicion that Dyer was engaged in criminal activity and that such recordings would be evidence of that criminal activity.

*16.     The Bakley family retained counsel to defend against Dyer's lawsuits.*

**ANSWER**:     In answer to paragraph 16 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

*17.     On May 24, 2019, Dyer sent another threatening letter to the Bakley's attorney in which he stated that his various lawsuits "subjects [sic] the Bakley family to significant civil and potential criminal liability" and demanding, in exchange for dropping his claims, that the Bakley's*

8

"loan" $1,000,000 to Dyer's company, Agri-Business Investors Limited Partnership, along with sworn affidavits from the Bakleys addressing some of Dyer's grievances. A true and correct copy of Dyer's May 24, 2019 letter is attached hereto as Exhibit 10.

**ANSWER**: In answer to paragraph 17 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

18. On June 25, 2019, the McHenry County Court granted the Bakley's motion to dismiss the first of Dyer's lawsuits, Case No. 18LA000315. In defending the suit, the Bakleys spent $13,686.00 in attorneys' fees and $85.00 in costs. On July 24, 2019, Dyer filed a notice of appeal in that case, which is now pending before Appellate Court of Illinois, Second District, Appellate Case No. 19-0568. On June 25, 2019, the McHenry County Court dismissed without prejudice Dyer's second lawsuit, Case No. 18LA000436, for want of prosecution. Dyer promptly filed a third lawsuit against the Bakleys on August 19, 2019, in the McHenry County Court, Case No. 19LA244, repeating the allegations previously made in the second suit, Case No. 18LA000436. In this third suit, Dyer again seeks damages exceeding $3,000,000. A true and correct copy of Dyer's third lawsuit against members of the Bakley family and Bakley Construction, excluding exhibits, is attached hereto as Exhibit 13.

**ANSWER:** In answer to paragraph 18 of the Plaintiff's Complaint, Defendant denies knowledge or information sufficient to form a belief as to the allegations that in defending the suit, the Bakleys spent $13,686.00 in attorneys' fees and $85.00 in costs. Defendant admits the remaining allegations contained therein.

*19. Dyer's lawsuits and letters demanding settlement payments have caused Cindy Bakley and members of her family to experience substantial emotional distress. A true and correct copy of a letter from Cindy Bakley describing the effect of Todd Dyer's actions on her and her family is attached hereto as Exhibit 22.*

**ANSWER:** In answer to paragraph 19 of the Plaintiff's Complaint, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein.

### DYER'S HARASSMENT OF VICTIMS IN THE FARMLAND CASE

*20. Mark Borst is a victim and witness in the Farmland Case. Under the judgment in the Farmland Case, Dyer is obligated to pay Mr. Borst $453,417.00 in restitution. (See Exhibit 6, page 5.)*

**ANSWER**: In answer to paragraph 20 of the Plaintiff's Complaint, Defendant denies the allegation that Mark Borst is a witness and victim in the Farmland Case and Defendant admits the remaining allegations contained therein.

*21. In or around July 2018, Melvin Krumdick ("Krumdick"), one of Dyer's codefendants in the Farmland Case, sent a letter to Mark Borst in which he stated that he was "preparing a lawsuit to be filed against you, your wife, and your marital assets, in Walworth County[, Wisconsin.]" By letter dated July 25, 2018, Mr. Borst, through his attorney, responded to Krumdick's letter. Months later, on October 29, 2018, Dyer responded to Mr. Borst's letter. True and correct copies of Krumdick's letter, counsel for Mr. Borst's July 25, 2018 letter, and*

10

*Dyer's October 29, 2018 response, excluding exhibits, are attached hereto as Exhibits 14 (Krumdick letter), 15 (July 25, 2018 letter) and 16 (October 29, 2018 letter).*

**ANSWER**: In answer to paragraph 21 of the Plaintiff's Complaint, Defendant admits the allegations contained therein.

22. *On December 21, 2018, Dyer, acting through Krumdick, initiated a lawsuit against Mark Borst in Walworth County (WI) Circuit Court, Case No. 2018CV00804. Shortly thereafter, on February 20, 2019, Krumdick filed a First Amended Complaint against Mr. Borst and members of his family, a true and correct copy of which (excluding exhibits) is attached hereto as Exhibit 17. Krumdick purported to file the First Amended Complaint both individually and in various representative capacities, including as "trustee of the Todd A. Dyer Irrevocable Trust Dated 1994" and as "trustee of the TAD Trust Dated 2016[.]" (See Exhibit 17.)*

**ANSWER**: In answer to paragraph 22 of the Plaintiff's Complaint, Defendant admits the allegations that on December 21, 2018, Dyer, acting through Krumdick, initiated a lawsuit against Mark Borst in Walworth County (WI) Circuit Court, Case No. 2018CV00804 and that on February 20, 2019, Krumdick filed a First Amended Complaint against Mr. Borst and members of his family. Defendant denies knowledge and information sufficient to form a belief that Krumdick purported to file the First Amended Complaint as indicated in the remaining allegation in paragraph 22.

23. *Although Krumdick is nominally the plaintiff in the lawsuit against Mark Borst and his family members, it is clear that Dyer is actually directing the litigation. For example, on May 21, 2019, Dyer sent Mr. Borst's attorney a letter in which he stated, among other things,*

11

*that he would "be amending the First Amended Complaint" and that the "Second Amended Complaint will include [Dyer] as a Plaintiff as well." Similarly, by correspondence dated June 25, 2019, Dyer sent Mr. Borst's attorney a set of 106 requests for admission, accompanied by an email exchange between Dyer and Krumdick in which Krumdick purportedly authorized Dyer to "sign [his] name as necessary for papers for the Mark Borst Case." Dyer filed another letter with the Wisconsin Circuit Court in the case against Mr. Borst and his family on September 4, 2019. True and correct copies of Dyer's May 21, 2019, June 25, 2019, and September 4, 2019 correspondence are attached hereto as Exhibits 18 (May 21, 2019 letter), 19 (June 25, 2019 letter), and 24 (September 4, 2019 letter).*

**ANSWER**: In answer to paragraph 23 of the Plaintiff's Complaint, Defendant denies the allegation that he is actually directing the litigation.

*24. Dyer's lawsuit against Mark Borst and his family serves no legitimate purpose. Dyer's allegations in that lawsuit are based on the same facts underlying Dyer's fraud conviction in the Farmland case, which Dyer has admitted in the plea agreement in the Farmland Case. (See Ex. 4, ¶ 5.) Mr. Borst has retained an attorney to defend against the allegations, and has incurred substantial attorney's fees to defend against Dyer's claims.*

**ANSWER:** In answer to Paragraph 24 of the Plaintiff's Complaint, Defendant knowledge or information sufficient to form a belief as to the allegation that Mr. Borst has retained an attorney to defend against the allegations and incurred substantial attorney's fees to defend against Dyer's Claim. Defendant denies the remaining allegations contained therein.

25. *Dyer's initiation of litigation against Mark Borst and his family has caused Mr. Borst and his family to experience substantial emotional distress. A true and correct copy of a statement from counsel for Mr. Borst to Assistant United States Attorney Emily A. Constantine concerning the impact of Dyer's actions on Mr. Borst and his family is attached hereto as Exhibit 23.*

**ANSWER:** In answer to paragraph 25 of the Plaintiff's Complaint, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein.

### DYER IS NOTIFIED THAT HIS CONDUCT IS UNLAWFUL

26. *The United States Attorney's Office has cautioned Dyer on multiple occasions that his initiation of frivolous lawsuits members of the Bakley family, as described above, constitutes unlawful harassment of, and retaliation against, victims of his crimes. True and correct copies of Assistant United States Attorney Benjamin W. Proctor's correspondence to Dyer is attached hereto as Exhibit 20. Dyer acknowledged receiving AUSA Proctor's correspondence.*

**ANSWER:** In answer to paragraph 26 of the Plaintiff's Complaint, Defendant denies the allegations contained therein.

27. *Nevertheless, Dyer has continued to pursue frivolous litigation against the victims of his crimes. For example, even after his first lawsuit against Bakley Construction and members of the Bakley family was dismissed with prejudice, and after being cautioned by the U.S. Attorney's*

*Office that his conduct is unlawful, Dyer chose to initiate a frivolous appeal. True and correct copies of documents pertaining to Dyer's appeal are attached hereto as Exhibit 21.*

**ANSWER:** In answer to paragraph 27 of the Plaintiff's Complaint, Defendant denies the allegations of frivolous litigation and frivolous appeal.

**COUNT I: HARASSMENT OF VICTIMS AND WITNESSES (18 U.S.C. § 1514)**

*28. The United States realleges and incorporates by reference paragraphs 1 through 27 above.*

**ANSWER:** In answer to paragraph 28 of Plaintiff's Complaint, defendant realleges and incorporates all his statutory admissions, denials and allegations set forth in paragraphs 1-27.

*29. Dyer has engaged in a course of conduct, as described above, to harass victims and witnesses, including Mark Borst and Cindy Bakley, who were instrumental in the Dyer indictment and conviction. Dyer's conduct constitutes harassment pursuant to 18 U.S.C. § 1514(d)(1)(B).*

**ANSWER:** In answer to paragraph 29 of the Plaintiff's Complaint, Defendant denies the allegations contained therein.

*30. Despite warnings by the United States Attorney's Office and dismissal of one of his complaints with prejudice, Dyer has refused to voluntary cease his harassment of witnesses and victims. It appears certain that Dyer's conduct will continue unless it is enjoined. As such, a protective order is necessary to prevent and restrain Dyer from retaliating against or harassing*

*witnesses and victims in the Farmland Case and in the Insurance Case, including Mark Borst, Bakley Construction, Cindy Bakley, and family members of Mr. Borst and Ms. Bakley.*

**ANSWER**: In answer to paragraph 30 of the Plaintiff's Complaint, Defendant denies the allegations that Dyer's conduct will continue unless it is enjoined and as such, a protective order is necessary to prevent and restrain Dyer from retaliating against or harassing witnesses and victims in the Farmland Case and in the Insurance Case.

31. *Pursuant to 18 U.S.C. § 1514(a)(2)(A), the United States requests that the Court issue a temporary restraining order enjoining Dyer's conduct without notice to Dyer, to ensure that Mark Borst, Cindy Bakley, and members of their families, along with Bakley Construction, do not incur further litigation expense or experience further harassment pending a hearing on the United States motion for a protective order. For example, in Dyer's litigation against Mark Borst and his family, Krumdick et al. v. Borst et al., Walworth County Case Number 2019CV000804, a hearing is presently scheduled on Mr. Borst's motion to dismiss on September 16, 2019. Mr. Borst will incur additional attorneys' fees if this hearing is permitted to proceed as scheduled. Moreover, even if the Court dismisses Dyer's complaint, Dyer will likely file a new complaint or appeal the dismissal, as he did following the dismissal of his lawsuits against the Bakley family. Dyer's cases against members of the Bakley family and their company are pending as well, and the Bakley family is subject to the anxiety, stress, and expense of that pending litigation. Entering a temporary restraining order without notice to Dyer will ensure that Dyer's harassment stops immediately.*

**ANSWER:** In answer to paragraph 31 of the Plaintiff's Complaint, denies knowledge or

information sufficient to form a belief as to the allegations that Mr. Borst will incur additional attorney's fees if this hearing is permitted to proceed as scheduled, that the Bakley family is subject to the anxiety, stress, and expense of that pending litigation and that entering a temporary restraining order without notice to Dyer will ensure that Dyer's harassment stops immediately.

**WHEREFORE**, the answering Defendant demands judgment dismissing the Plaintiff's Complaint with prejudice and with statutory costs, disbursements and attorney fees, along with such other relief as the Court deems just and equitable.

Dated: November 21, 2019.

Penegor & Lowenberg Law Offices

/s/ Robert J. Penegor

_____

BY: ROBERT J. PENEGOR
State Bar No. 1010979
Attorney for Defendant
16655 West Bluemound Road, Suite 270
Brookfield, WI 53005
(262) 786-3522
Email: robert@penegorlaw.com