UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 19-cv-1319-pp

TODD DYER,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 26)**

At an October 11, 2019 hearing, the defendant (who appeared by telephone) stated on the record that he wanted a lawyer to represent him in this case. Dkt. No. 20 at 1. Before the hearing, the court had asked the Federal Defender to appoint counsel to appear at the hearing, in case the defendant wanted representation; Attorney Robert Penegor was present at the October 11, 2019 hearing and agreed to represent the defendant. Id. at 1.

On November 13, 2019, after consulting with counsel for both parties regarding their availability, the court scheduled a hearing on the government's motion for a protective order; the court scheduled the hearing for February 14, 2020 at 1:30 p.m. It also issued a pre-hearing scheduling order, setting deadlines for pre-hearing reports and motions *in limine*, among other things. Dkt. No. 23. Attorney Penegor then filed an answer to the complaint on behalf of the defendant. Dkt. No. 24.

On January 10, 2020, the court received a document directly from the defendant, not through Attorney Penegor, even though Attorney Penegor had been counsel of record for the defendant since mid-October 2019. Dkt. No. 25. The motion, titled "Motion for Stay of Action," asked the court to stay all proceedings in this case—Case No. 19-cv-1319—"pending the final judgment of the United States District Court, Eastern District of Wisconsin, in the cases of United States of America v. Todd A. Dyer, Case No. 15-CR-115 and 16-CR-100 . . . ." Id. at 1. The defendant asserted that favorable outcomes in the 2015 and 2016 criminal cases "could directly impact the decision whether to proceed forward with this matter [case no. 19-cv-1319]." Id. He also asserted that a favorable outcome in the 2016 case "may also invoke potential abstention doctrine issues," citing Younger v. Harris, 401 U.S. 37 (1971). Id. The defendant asserted that "[a]ny dismissal or acquittal of the criminal proceedings negates the elements necessary for the authorization of this action to proceed further." Id. at 2. The defendant dated this document December 30, 2019. Id. at 3.

The government has filed a motion to strike this pleading. Dkt. No. 26. It argues that a defendant who is represented by a lawyer doesn't have the right to file his own submissions under the law of the Seventh Circuit. Id. at 1-2.

The court will grant the government's motion to strike. The government is correct: "[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." United States v. Khatib, 606 Fed. App'x 845, 847 (7th Cir. 2015) (citing United States v Mosley, 353 Fed. App'x 49, 53

(7th Cir. 2009) ("a defendant who is represented by counsel does not have the right to file his own pro se submissions."). See also, United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007); United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998).

Lest the defendant conclude, however, that the court might have granted his motion had he filed it through Attorney Penegor, the court notes a couple of things. The defendant asked the court to stay this proceeding pending the outcome of Case No. 15-cr-115. That case, United States v. Dyer, is a criminal case. Judge Stadtmueller sentenced the defendant on March 7, 2017. The defendant appealed his conviction and sentence; the Seventh Circuit affirmed the conviction and sentence in a decision dated June 13, 2018. While the defendant has filed various other pleadings in that case in the last year and a half, that case is over. Even if the defendant had filed his motion to stay through his lawyer, there would be no reason to stay this civil injunctive release case pending the "outcome" of 15-cr-115, because there is no further "outcome" to be determined in that case.

The defendant also asked the court to stay these proceedings pending the outcome of Case No. 16-cr-100. That, too, is a criminal case, and that case, too, has concluded. This court sentenced the defendant on April 13, 2017. He appealed, and the Seventh Circuit affirmed his conviction and sentence in an order dated June 13, 2018. There is no reason for the court to stay these proceedings pending the "outcome" of that criminal case, because the "outcome" already has been determined.

The defendant's motion mentions his "pending Section 2255 motions" several times. The court assumes that the petitioner is referring to the fact that he filed motions to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in each of these cases—collateral attacks on the convictions and sentences. Currently pending are <u>Dyer v. United States</u>, 19-cv-752, his §2255 case attacking the 2016 conviction, and <u>Dyer v. United States</u>, 19-cv-1694, his §2255 case attacking the 2015 conviction before Judge Stadtmueller. The defendant filed his §2255 petition with this court eight months ago, in May of 2019. The court is required to screen that petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court hopes to issue that screening order soon, although it has hundreds of other cases awaiting attention.

Even if the defendant succeeds on his §2255 cases, the remedy would not be to vacate the convictions and send the defendant home. The remedy would be to vacate the pleas and sentences and to return the cases to their pre-plea postures. The cases would be scheduled for trial—one before Judge Stadtmueller and one before this court. There is no basis for this court to stay the proceedings in this civil injunctive relief proceeding on the possibility that the plaintiff might prevail on a §2255 petition, might have his plea and sentence vacated, and might prevail at a subsequent trial months from now.

The court **GRANTS** the government's motion to strike. Dkt. No. 26. The court **ORDERS** that the defendant's *pro se* motion to stay is **STRICKEN**. Dkt. No. 25. The court further **ORDERS** that the defendant must not file any further

4

*pro se* pleadings in this case; if he does so, the court will take no action on those pleadings.

Dated in Milwaukee, Wisconsin this 27th day of January, 2020.

      **BY THE COURT:**

      _____
      **HON. PAMELA PEPPER**
      **Chief United States District Judge**