UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 19-cv-1319-pp

TODD A. DYER,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 42) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND TIME TO FILE A RESPONSE AND STAY PROCEEDINGS PENDING OUTCOME OF DEFENDANT'S §2255 PETITIONS (DKT. NO. 45).**

The defendant has, acting on his own without his lawyer, filed a motion to dismiss. The defendant's lawyer has filed a motion to extend time to respond to the plaintiff's motion for judgment on the pleading, and to stay this proceeding pending the outcome of the defendant's motions to vacate, set aside or correct his sentence under 28 U.S.C. §2255.

### I. Defendant's Motion to Dismiss (Dkt. No. 42)

On March 23, 2020, the defendant filed a *pro se* motion to dismiss. Dkt. No. 42. The defendant has a lawyer. Dkt. No. 19. As the court explained in a previous order, "a defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." Dkt. No. 31 at 2–3; United States v. Khatib, 606 F. App'x 845, 847 (7th Cir. 2015) (citing United States v Mosley, 353 Fed. App'x 49, 53 (7th Cir. 2009)) ("a defendant who is represented by counsel does not have the right to file his own pro se submissions."); see also, United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007); United States v.

1

Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The court will deny the defendant's *pro se* motion.

## II. Defendant's Motion for Extension of Time to File a Response to Government's Motion for Judgment on the Pleadings and Motion to Stay Proceedings (Dkt. No. 45)

On April 3, 2020, the government filed a motion for judgment on the pleadings. Dkt. No. 43. Under Civil Local Rule 7(b), the defendant's deadline for filing a response is April 24, 2020. Civ. L.R. 7(b) (E.D. Wis.). Defense counsel asks the court to extend that deadline for thirty (30) days. Dkt. No. 45 at 1. Counsel explains that the COVID-19 pandemic has made it difficult for him to communicate with the defendant; the facility in which the defendant is housed is on lockdown, and that counsel himself is quarantined. Id. at 1–2. Counsel indicates that he does not believe that his client objects to the motion. Id. at 2. The court will grant this part of the motion and extend the deadline for the defendant to respond to the government's motion to **June 1, 2020**. If counsel needs more time, he need only ask prior to June 1, 2020.

Counsel also says that the defendant has asked counsel to seek a stay of the proceedings in this case until his two §2255 motions—Case Nos. 19-cv-1694-JPS and 19-cv-752-PP—have been resolved. Id. at 2. Counsel says that "[o]n information and belief, those motions may be dispositive of the cases [the defendant] is being incarcerated for and may have a substantial effect on the validity of the pending request for injunctive relief." Id. Counsel represents that the plaintiff opposes a stay. Id.

The court will deny the defendant's request to stay. The court already has explained that it is not inclined to stay this proceeding until the §2255 motions are resolved:

> The defendant's motion mentions his "pending Section 2255 motions" several times. The court assumes that the petitioner is referring to the fact that he filed motions to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in each of these cases—collateral attacks on the convictions and sentences. Currently pending are Dyer v. United States, 19-cv-752, his §2255 case attacking the 2016 conviction, and Dyer v. United States, 19-cv-1694, his §2255 case attacking the 2015 conviction before Judge Stadtmueller. The defendant filed his §2255 petition with this court eight months ago, in May of 2019 . . . .
>
> Even if the defendant succeeds on his §2255 cases, the remedy would not be to vacate the convictions and send the defendant home. The remedy would be to vacate the pleas and sentences and to return the cases to their pre-plea postures. The cases would be scheduled for trial—one before Judge Stadtmueller and one before this court. There is no basis for this court to stay the proceedings in this civil injunctive relief proceeding on the possibility that the plaintiff might prevail on a §2255 petition, might have his plea and sentence vacated, and might prevail at a subsequent trial months from now.

Dkt. No. 31 at 4. Neither the situation nor the court's opinion on this matter have changed in the last three months.

### III. Conclusion

The court **DENIES** the defendant's *pro se* motion to dismiss. Dkt. No. 42.

The court **GRANTS** the defendant's motion to extend time to respond. Dkt. No. 45. The court **ORDERS** that the deadline for the defendant to respond to the government's motion for judgment on the pleadings is **EXTENDED** until the end of the day on **June 1, 2020**.

The court **DENIES** the defendant's motion to stay the proceedings in this case pending the outcome of the defendant's §2255 motions. Dkt. No. 45.

Dated in Milwaukee, Wisconsin this 23rd day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**