15-CR-115
19-CV-11319
16-CR-100

12-29-2020



Chief Judge Pamela Pepper
United States Courthouse Room 208
517 East Wisconsin Avenue
Milwaukee, WI 53202


Judge J.P. Stadtmueller
United States Courthouse Room 471
517 East Wisconsin Ave
Milwaukee, WI  53202


United States Attorney's Office
517 E. Wisconsin Ave
Milwaukee, WI  53147


Robert J. Penegor
Penegor & Lowenberg Law Offices
Squires II  Suite 270
16655 W. Bluemound Road
Brookfield, WI  53005

Re: Prosecutorial Misconduct, Grand Jury Abuses, Concealment, Fraud, and Fifth Amendment Violations

I am in receipt of the court's November 11, 2020 Response (16-CR-100 Bakley, Dkt. No 83) to my October 31, 2020 Inquiry (16-CR-100 Bakley, Dkt. 82).

I appreciate the court's Response.

My inquiry is not frivolous, but involves my liberty and what appears to be a pattern of continuing prosecutorial misconduct.

As you are aware, I have continuously professed my innocence in both the 15-CR-115 Farmland and 16-CR-100 Bakley cases. I have also alleged misconduct by the government and its investigators, particularly in bringing the 15-CR-115 Farmland prosecution. As you are the Chief Judge for the United States District Court for the Eastern District of Wisconsin, there are a number troubling occurrences relating to the 15-CR-115 Farmland and 16-CR-100 Bakley indictments, I thought the Court should have an opportunity to confirm or dispute, prior to me making accusations.

I filed Motion to Dismiss the 15-CR-115 Farmland Indictment with Prejudice (15-CR-115 Dkt. No 180) based on prosecutorial misconduct and grand jury abuses and irregularities. The government stated in its Response (15-CR-115 Dkt. No. 181) to my Motion to Dismiss the 15-CR-115 Farmland Indictment with Prejudice (15-CR-115 Dkt. No. 180) that;

> "Because a properly impaneled grand jury returned both the original and superseding indictments in this case, the Court should deny Dyer's motion. Because Dyer has not shown particularized need, the Court also should deny his request for all transcripts."

Then, in Footnote 1 of the Response to Motion to Dismiss (15-CR-115 Dkt. No. 181) the government stated;

> " The United States is aware of its obligation to provide transcripts of any grand jury testimony by its trial witnesses related to the subject of trial testimony. There is no basis for disclosure of any additional grand jury transcripts."

This of course is incorrect. If, in fact, the government actually brought any of the same witnesses back before the 15-CR-115 Farmland Superseding Indictment grand jury of October 12, 2016 (15-CR-115 Dkt. No. 137), as would be required after constructively amending the defective June 2015 original 15-CR-115 Farmland Indictment (15-CR-115 Dkt. No. 1) then I should have been permitted to view the earlier testimony of those witness.

"Where witness has previously appeared before grand jury and is called back to answer questions similar to those asked on his first appearance, transcripts of witness' earlier testimony should ordinarily be made available to him." Burnsey v. United States, 466 F.2d 1059, 1 Media L. Rep. BNA (9th Cir. 1972).

I raised the issue. The Bank of Nova Scotia rule is the applicable law. It is preserved. I will be raising these issues in a forthcoming Fed. R. Civ. P. 60(b) Motion alleging fraud and misconduct.

As you are aware, fraud does not merely consist of overt misrepresentations. It can also occur through the deliberate concealment of material facts, or silence, in the face of a duty to disclose. The issues I believe I have uncovered warranted the 15-CR-115 Farmland Superseding Indictment being dismissed five years ago. (See United States v. Dwight Leeper 06-CR-58A (8th Cir. 2006)). The government stated further in its Response (15-CR-115 Dkt. No. 181) to my Motion to Dismiss the 15-CR-115 Farmland with Prejudice (15-CR-115 Dkt. No. 180) that;

> "The grand jury that indicted Dyer, (Grand Jury No. 14-01) was impaneled on October 15, 2014, and its term continued into 2016. Copies of the sealed paperwork signed by Chief Judge Griesbach documenting the term and meeting dates of that grand jury are being submitted to the Court along with this response for "in camera" review."

Did the 15-CR-115 Farmland Court, in fact, as would be required, review the grand jury proceedings to determine whether a constitutional error substantially influenced the decision to indict, or at least, cast "grave doubt" upon the independence of the decision to indict?

Later, the government stated;

> "Because that paperwork establishes that the superseding indictment was returned by a properly impaneled grand jury (Grand Jury No. 16-01) during its initial 18-month term, the Court should deny Dyer's motion."

If, in fact, the 14-01 Grand Jury that returned the defective June 2015, 15-CR-115 Farmland Indictment was impaneled on October 15, 2014 and its term continued into 2016, I assume,

4

based on an 18 month term that, the 14-01 Grand Jury expired, or was dismissed on or about April 15, 2016.

Continuing, I assume further that the 15-01 Grand Jury's term ran from, on or about, April 15, 2016 until October 15, 2018. However, according to the government's Response (15-CR-115 Dkt. No. 181) to my Motion to Dismiss the 15-CR-115 Farmland Indictment with Prejudice (15-CR-115 Dkt. No. 180), it was not the 15-01 Grand Jury that returned the October 12, 2016 Farmland Superseding Indictment (15-CR-115 Dkt. No. 137), but rather, the 16-01 Grand Jury. Why was the 15-01 Grand Jury dismissed prior to the expiration of 18 months?

The reason for my prior inquiry about which grand jury indicted me in the 16-CR-100 Bakley case is, it appears, based on a review of the signature pages of the June 28, 2016, 16-CR-100 Bakley case indictment (16-CR-100, Dkt. No. 1, page 12 of 12) (EXHIBIT # 1) and the October 12, 2016, Farmland case Superseding Indictment (15-CR-115, Dkt. No 137, page 14 of 14) (EXHIBIT # 2) (something that only recently brought to my attention) that, the same grand jury was used in both cases and that the same grand jury foreman signed both indictments.

As you are undoubtedly aware, derogatory statements about the character of a defendant or statements about other crimes a defendant may have committed are improper because they have a tendency to inflame a grand jury -- thereby infringing on the grand jury's obligation to find probable cause based on competent evidence. Sara Sun Beale & William C. Bryson, Grand Jury Law and Practice Section 10.02 (1986); see also United States v. Hogan, 712 F.2d 757, 760-61 (2d Cir. 1983).

It would go without saying then, that it would be completely improper and prejudicial to present the 15-CR-115 Farmland case Superseding Indictment to a grand jury after using that same grand jury to investigate and return the 16-CR-100 Bakley case indictment, and a violation of my Fifth Amendment right to be indicted by an independent and unbiased grand jury. Calling the 15-CR-115 Farmland Indictment of October 12, 2016, a "Superseding Indictment", after constructively amending the defective June 2015 original indictment was improper, and in of itself, a violation of my Fifth Amendment right to be indicted by an independent and unbiased grand jury.

I understand the court's initial hesitation in disclosing grand jury information however, I seek only to be informed of the number of the grand jury that indicted me in the 16-CR-100 Bakley case, and/or a confirmation or a denial that the same grand jury was used to indict me in both the 16-CR-100 Bakley case on July 28, 2016, and the 15-CR-115 Farmland case Superseding Indictment on October 12, 2016.

As you are aware, the government has now admitted that I never received any grand jury transcripts for the 15-CR-115 Farmland case (See, Brief of Plaintiff--Appellee of September 12, 2019, page 9) (Case No. 19-2208), after claiming falsely for more than four years that I had received them.

The 15-CR-115 Farmland Court ordered the grand jury transcripts released to me no later than one business day prior to trial. (15-CR-115 Dkt. Nos. 23 and 148) As trial began on Monday, December 5, 2016, the grand jury transcripts were due on Friday, December 2, 2016. The grand

jury transcripts should have, at a minimum, been released to me following the appearances of the witnesses who testified at trial. I have made two additional requests since appealing my 15-CR-115 Farmland and 16-CR-100 Bakley case convictions. I have never received any grand jury transcripts for any 15-CR-115 Farmland grand jury proceeding.

As I was not made aware of the grand jury abuses and violation of my Fifth Amendment right to be indicted by an independent and unbiased grand jury, because the government concealed these things from me, any plea of guilty, in my opinion, was "unknowing", and therefore invalid. I also suspect that, although I have not reasearched it completely, that a waiver based on deliberately concealed misconduct is, likewise, invalid.

The only thing standing between a Defendant and "out of control prosecutors" are ethical judges.

Thank you in advance for your prompt response.

Respectfully submitted,

*Todd A. Dyer*

Todd A, Dyer

Todd A. Dyer
Reg# 05409-089
FPC Yankton
PO Box 700
Yankton, SD 57078

7

Cc: U.S. Courts, Washington D.C.
U.S. Attorney, Washington D.C.
Office of the Inspector General

EXHIBIT # 1

Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

Dated: 06-28-2016

GREGORY J. HAANSTAD
United States Attorney

12

EXHIBIT # 2

The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from the offense or offenses.

4. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

Dated: 10/12/16

GREGORY J. HAANSTAD
United States Attorney

14