# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 19-cv-1319

TODD DYER,

        Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PERMISSION TO CONDUCT A DEPOSITION OF WITNESS

The United States of America, by and through its undersigned counsel, submits the following response to Defendant's Motion for Permission to Conduct a Deposition of Witness. (ECF 81.) The United States does not oppose Defendant's motion to the extent it seeks permission to allow Melvin Krumdick ("Krumdick") to testify at the hearing by remote means. However, for the reasons explained below, the Court should deny Defendant's motion to depose Krumdick.

There is no distinction between discovery and trial depositions. *Anderson v. Proctor & Gamble Paper Prods. Co.,* No. 11-C-61, 2013 WL 5651802, at *2 (E.D. Wis. Oct. 15, 2013)("The Federal Rules of Civil Procedure do not distinguish between depositions taken in discovery and depositions taken for trial."). Thus, Defendant's request is effectively a request to conduct discovery. Such a request is inappropriate, and should be denied, for multiple reasons.

First, Krumdick is Defendant's witness. Defendant and his counsel have an unfettered opportunity to find out what Krumdick will say in advance of the hearing, and do not need to use formal discovery mechanisms in order to obtain whatever relevant facts or other information they

1

believe that Krumdick may have. In fact, Defendant's attorney already met with Krumdick on June 22, 2021. (ECF 81, ¶ 3.) Defendant's attorney is free to meet with Krumdick again. No deposition is necessary for this purpose.

Second, the parties have not conferred under Fed. R. Civ. P. 26(f) in this case, as required as a precondition for discovery under Fed. R. Civ. P. 26(d)(1). Furthermore, the expedited procedure contemplated under 18 U.S.C. § 1514 does not provide for discovery. Dyer has not and cannot claim that discovery is necessary before the hearing in this case, nor has Dyer requested the opportunity to do so at any time in the nearly two years that this case has been pending. In fact, Defendant's attorney met with Krumdick in June 2021, and waited over three months after that meeting to file this motion. The Court should not permit Defendant to dramatically alter the scope and schedule for this case nearly over two years after it was initiated—particularly given that the delay in resolution of this matter is the result of Defendant's repeated requests for additional time.

Third, although Defendant's motion makes vague reference to the fact that Krumdick lives "approximately 100 miles away" and is in a "frail" condition, neither of these general assertions establishes that Krumdick is "unavailable" for the upcoming hearing, such that use of a deposition testimony would even be appropriate. *See* Fed. R. Civ. P. 32(a)(4). In fact, Krumdick's last known address (1178 South Elmwood Avenue, Oak Park, IL 60304) is within 100 miles from the courthouse, which means that he is within the Court's subpoena power. Fed. R. Civ. P. 45(c)(1)(A). Similarly, counsel for Defendant's assertion that Krumdick appeared "frail" to him and that Krumdick reported unidentified "health issues" does not provide a sufficient basis upon which this Court could base a finding that Krumdick "*cannot attend or testify* because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. 32(a)(4)(C)(emphasis added). In short,

Defendant's motion fails to provide specific facts upon which the Court could find that Krumdick will be "unavailable" for the hearing such that use of a deposition in lieu of live testimony would be permissible. As noted above, the United States does not oppose the request to permit Krumdick to testify at the hearing via video teleconference.

Finally, permitting Defendant to use the deposition of Krumdick at the hearing, rather than requiring him to testify at the hearing (whether in-person or by video conferencing), will prejudice the United States and be detrimental to this proceeding. Without the Court's involvement and guidance during the testimony, there is a substantial likelihood that Defendant will waste substantial time and resources questioning Krumdick concerning irrelevant matters, as reflected in Defendant's previous filings in this case. The Court will also be deprived of the opportunity to ask Krumdick questions or seek clarification about his testimony.

For the foregoing reasons, the Court should deny Defendant's motion to the extent it requests permission to take the deposition of Melvin Krumdick.

Dated this 15th day of October, 2021.

                RICHARD G. FROHLING
                Acting United States Attorney

By:   *s/ Emily A. Constantine*

                EMILY A. CONSTANTINE
                Assistant United States Attorney
                Wisconsin Bar No.1087257
                Office of the United States Attorney
                Eastern District of Wisconsin
                517 East Wisconsin Avenue, Room 530
                Milwaukee, WI 53202
                Telephone: (414) 297-1700
                Fax: (414) 297-4394
                emily.constantine@usdoj.gov