UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

TODD A. DYER,

        Defendant.

Case No. 19-cv-1319-pp

---

**ORDER DENYING DEFENDANT'S MOTION TO APPOINT SPECIAL MASTER (DKT. NO. 80)**

---

On September 7, 2021, the defendant filed a motion to appoint a special master, citing Federal Rule of Civil Procedure 53. Dkt. No. 80. At the time he filed this motion, the defendant was represented by counsel; he filed the motion himself, rather than through his attorney. As the court had repeatedly warned the defendant, "a defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." Dkt. No. 31 at 2–3; dkt. no. 46 at 1; United States v. Khatib, 606 F. App'x 845, 847 (7th Cir. 2015) (citing United States v. Mosley, 353 F. App'x 49, 53 (7th Cir. 2009)) ("a defendant who is represented by counsel does not have the right to file his own pro se submissions."); see also, United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007); United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). The court could have (and likely should have) denied this motion for that reason alone.

1

Less than two months later, the defendant's attorney moved to withdraw. Dkt. No. 85. The court did not promptly rule on that motion; it should have. It since has granted the motion and allowed Attorney Robert J. Penegor to withdraw. The court will address the defendant's motion on its merits.

The defendant's motion says that a special master is needed because his case involves "complexity, voluminous evidence, congestion of the court's calendar, need to perform account or damages, and the need to determine factual issues prior to hearing." Dkt. No. 80 at 1. Rule 53(a)(1) says:

> [A] court may appoint a master only to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>> (i) some exceptional condition; or
>>
>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Rule 53(a)(1)(A) does not apply. The government has not consented to having a special master perform any duties. Contrary to the defendant's assertion, Rule 53(a)(1)(B)(ii) does not apply—there is no need for either an accounting or a resolution of a difficult computation of damages. The plaintiff seeks a protective order, not damages. That leaves only Rule 53(a)(1)(B)(i)— "some exceptional condition"—or Rule 53(a)(1)(C)—"pretrial and posttrial

2

matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

The defendant states the following in support of his motion for the appointment of a special master:

> As you are aware, I have long claimed my innocence. I have claimed that I never controlled any of the entities that were the focus of the government's 15-cr-115 "Farmland" case. I claim that those named as victims changed the name of the businesses from Midwest Farmland Partners to American Farmland Partners, and ultimately, Farmland Partners, to escape having to pay me for my business model and a 10% commission on all farmland acquisitions. I claim the alleged victims suffered no losses but, received Farmland Partners securities in exchange for their Midwest and American securities.
>
> I have gone as far as filing complaints against Judge Stadtmueller, my attorneys, and the US Attorneys. The US Attorneys have a vested interest in keeping me incarcerated.
>
> Whether through ignorance or misconduct, it is clear the US Attorneys and FBI, and IRS Agents involved are either unable or unwilling to investigate and reveal the connection between entities.
>
> I believe a "Master" appointed by you is not only warranted but, essential to accurate fact-finding without interference.
>
> A "Master" can, once and for all, investigate my allegations, determining if there are connections between entities, and see if there was concealment, as I allege.
>
> If, in fact, American Farmland Partners failed, then its assets, including my business model, intellectual property and trade secrets should be identified, valued, and its whereabouts be revealed. If American failed, there should be a bankruptcy and assets asked for to offset investor losses. If Hindman (Nicholas C. Hindman, Sr.) and the others moved the assets to a successor, the "Master" can report these things to the Court to support my allegations that my future suits, and Father Mel's suit against alleged victim Mark Borst have merit and are legitimate.
>
> I am also conscience [sic] of what position the Court is being put in by ruling that the suits against the alleged 15-cr-115 Farmland

> victims will have on the rulings of the 15-cr-115 Farmland Court. That is, the 15-cr-115 Farmland Court said there were no connections between the Midwest, American and Farmland Partners entities. The government made the same claims. Your Honor would be in a tough position ruling that there are, in fact, connections.
>
> My suggestion is that the Court appoint a "Master" to make that determination.

Dkt. No. 80 at 1-4.

The defendant appears to argue that the "exceptional condition" that justifies appointment of a special master is that he is innocent of the charges in <u>United States v. Dyer,</u> *et al.*, Case No. 15-cr-115-JPS (E.D. Wis.) and that he is the victim of events described in that case. He asks this court to appoint a special master to help him prove as much.

The problem with this request is one the defendant knows well. On June 9, 2015, the grand jury indicted the defendant, Nicholas C. Hindman, Sr., Melvin E. Krumdick (also known as "Father Mel") and Tracy L. Bolton with participating in a scheme to defraud. <u>Id.</u> at 1. The indictment laid out, in detail, the relationships between Midwest Farmland Partners, Midwest Farmland Acquisitions Corporation, American Farmland Partners, Agri-Business Investors Partnership, U.S. Growers Farmland Liquidity Fund, Inc. and Farmland Marketing Group, alleging that the defendants had used these entities to solicit investments for the alleged purpose of purchasing farmland. <u>Id.</u> It alleged that no farmland ever was purchased and that the defendants used the money they obtained from investors for their personal gain. <u>Id.</u> The grand jury later returned a superseding indictment, removing Bolton as a defendant and adding individual substantive counts. <u>Id.</u> at Dkt. No. 137.

4

As was his constitutional right, the defendant denied his guilt and elected to go to trial. The trial began on Monday, December 5, 2016 with Judge J.P. Stadtmueller presiding. Id. at Dkt. No. 201. The defendant was representing himself but had standby counsel. Id. at 1. Co-defendant Nicholas Hindman was represented by counsel. Id. When the parties appeared in the courtroom, the judge observed that defendant Hindman had filed a guilty plea that morning and paused the proceedings to allow him to enter his plea. Id. Once Hindman had entered his plea, Judge Stadtmueller began the defendant's trial. Id. The trial continued for two days, with the parties selecting fourteen jurors, the government presenting the testimony of eleven witnesses and the court admitting numerous exhibits. Id. On the morning of the third day of trial, however, the government reported that the defendant—through his standby counsel—had indicated that he wanted to enter a guilty plea in the case before Judge Stadtmueller (as well as another criminal case pending before this court). Id. at pages 18-19. Judge Stadtmueller gave the parties time to finalize plea agreements and have a change-of-plea hearing before Magistrate Judge David Jones. Id.

On the docket in Case No. 15-cr-115 is a plea agreement, signed by the defendant on December 6, 2016, admitting to the facts alleged in the superseding indictment. Id. at Dkt. No. 198. The defendant appeared before Judge Jones on December 7, 2016 at 12:00 p.m., with his standby counsel, and after an extensive plea colloquy, Judge Jones recommended that Judge Stadtmueller accept the defendant's guilty plea. Id. at Dkt. No. 199. Judge

5

Stadtmueller adopted that recommendation and accepted the defendant's guilty plea. Id. at Dkt. No. 205.

The defendant subsequently attempted to withdraw the guilty plea, asserting in a fifty-five-page document that the witnesses who'd testified at trial perjured themselves and that the prosecutors knowingly presented false testimony; he also argued that Judge Stadtmueller was biased against him. Id. at Dkt. No. 221. Judge Stadtmueller denied that motion. Id. at March 9, 2017 text-only order. The defendant appealed, id. at dkt. no. 237, and the Seventh Circuit affirmed the conviction and sentence, id. at dkt. no. 279.

By asking this court to appoint a special master to investigate the agents who investigated him and the prosecutors who prosecuted him, the defendant is trying to use this civil action to do an end run around his conviction. He had the right to go to trial and vigorously contest the allegations in Case No. 15-cr-115; he chose to enter a guilty plea instead. He had reasons for doing so, reasons that he has had ample opportunity to explain to Judge Stadtmueller and to this court. He had the right to appeal; he exercised that right and explained his reasons for pleading guilty to the Seventh Circuit; the Seventh Circuit affirmed his conviction. He has the ability to collaterally attack his conviction, and he has done so; the defendant has a 28 U.S.C. §2255 petition pending before this court, and the court hopes to rule on that motion shortly. Dyer v. United States, Case No. 19-cv-752 (E.D. Wis.). Rule 53 does not give a convicted criminal defendant a third, or fourth, kick at the cat. There is no reason for the court to appoint a special master to investigate an issue that has

6

been resolved. There is no "exceptional condition" of the type referenced in Rule 53(a)(1)(B)(ii).

Nor is there a need for the court to appoint a special master due to its docket congestion. The delay in moving this case forward is the court's, but it is not the result of the court's need for someone else to resolve pretrial or posttrial issues. The court has had several jury trials in criminal cases that had been delayed due to the pandemic. Several of those have either been adjourned or resolved and the court now is able to turn its attention to this case and focus on a resolution in the near future.

## III. Conclusion

The court **DENIES** the defendant's motion to appoint a special master. Dkt. No. 80.

Dated in Milwaukee, Wisconsin this 28th day of January, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**