19-cv-1319

TRULINCS 05409089 - DYER, TODD A - Unit: LVN-F-F

---

FROM: 05409089
TO: Blumling, Ryan; Bolton, Tracy; Dyer, Todd; Krumdick, Father Mel
SUBJECT: Motion Requesting the Court Reconsider the Appoint
DATE: 02/28/2022 08:46:05 AM

U.S. District Court
Wisconsin Eastern
MAR - 7 2022
FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Case No. 19-CV-1319-PP TEMPORARY RESTRAINING ORDER

UNITED STATES OF AMERICA,
Plaintiff

v.

TODD A. DYER,
Defendant

## MOTION REQUESTING THE COURT RECONSIDER ITS DECISION DENYING THE APPOINTMENT OF SUCCESSOR COUNSEL

NOW COMES, Defendant, Todd A. Dyer, pro se with his Motion Requesting the Court Reconsider its Decision Denying the Appointment of Successor Counsel, and offers in support the following;

### Background

On September 11, 2019 the government filed a Complaint seeking a Temporary Restraining Order and Order of Protection against defendant seeking to prohibit him from pursuing the 15-CR-115-JPS "Farmland" (115Farmland) and 16-CR-100-PP "Bakley" (100Bakley) case victims in various lawsuits filed after defendant's March 8, 2017 incarceration.

The court issued a Temporary Restraining Order on October 2, 2019.

In connection with the proceeding, the court appointed attorney Robert Penegor to represent the defendant.

Defendant and attorney Penegor had a failing out, and jointly requested attorney Penegor be permitted to withdraw as counsel for defendant.

The court granted the motion to withdraw.

The court stated in its recent Motion Declining to Appoint Successor Counsel (Dkt. No. 95, page 19 of 20) that;

"There was no requirement that the court appoint counsel--standby or otherwise. The court's decision to appoint counsel was an attempt to protect the defendant from himself."

### Argument

No circumstances have arisen since the court originally decided to appoint defendant counsel to protect himself from himself which justify departing from that prudent course of action.

It is noteworthy however that, the court felt the need to appoint counsel in the 19-CV-1319-PP Temporary Restraining Order case, a civil proceeding, but failed to exercise the same discretion in the 100Bakley criminal case.

In the 100Bakley case defendant was not appointed counsel, did not waive his right to counsel (a waiver of counsel for the 115Farmland and 15-CR-137 Dennis E (137DennisE) cases made in October 2015 does not make for a knowing, voluntary and intelligent waiver of counsel for a new indictment, nine months later, in June 2016), and had no attorney at sentencing where defendant attempted, and lost, his right to withdraw his guilty plea, and was sentenced to 110 months of federal prison time.

It is likely that, the court's concerns about protecting the defendant from himself are well founded, and come from defendant's

2 COPIES

TRULINCS 05409089 - DYER, TODD A - Unit: LVN-F-F
------------------------------------------------------------------------

history of mental health issues, including the fact that it was established in the 98-CR-176 case, and subsequent direct appeal (216 F.3d 568) that Dyer is a manic depressive. The 7th Circuit Court of Appeals, June 8, 2000 opinion states, in part;

"Dyer had suffered from a serious mental illness during the period in which the crime was committed", and "Dyer is a manic depressive and had frequent manic episodes during the five-year life of his Ponzi scheme."

Throughout the 115Farmland, 137DennisE, and 100Bakley case proceedings, between June 2015 and defendant's sentencing and incarceration in March 2017, defendant displayed behavior that should have caused defendant's attorneys and the magistrate who handled all pretrial proceedings to sua sponte order a competency hearing.

Defendant informed the various courts that he had been diagnosed bipolar and was no longer takes the medication prescribed to treat his manic depressive disorder. See: 115Farmland" (Dkt. No. 172). While the court acknowledged Dyer's mental illnesses in a December 1, 2016 opinion, and the fact that those illnesses might affect his ability to prepare a defense, the court denied Dyer's motion for an adjournment and failed to order a competency hearing. The 115Farmland court's December 1, 2016 Order stated, in part;

" .... while the Court appreciates that Dyer may suffer from disorders that make it difficult for him to prepare his defense ... "

In keeping with these significant, relevant, and continuing issues relating to Dyer's competency, on February 18, 2022 defendant was placed in the Special Housing Unit (SHU) based on observations by staff. (Exhibit #1).

The Administrative Detention Order stated, in part;

"It is this Correctional Supervisor's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because inmate does not appear to be acting with his full mental faculties for the safety of staff and the inmate the inmate will be placed in the Special Housing Unit ([SHU] pending a MHE [Mental Health Evaluation]."

Conclusion

Based on the forgoing, defendant requests the court reconsider its prior decision, appoint defendant successor counsel, and order a competency determination be made by a professional to protect Dyer's rights and the integrity of the proceedings .

Respectfully submitted,

Todd A. Dyer
Reg. #05409-089
Federal Prison Camp Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

Certificate of Service

I hereby certify that on March 1, 2022 I did serve a true and correct copy of the Motion Requesting the Court Reconsider its Decision Denying the Appointment of Successor Counsel via first class US mail to the clerk of court and request the same be shared with all relevant parties through the court's electronic mail system.