March 24, 2022

Judge Pamela Pepper
Seventh Circuit
U.S. Courthouse & Federal Building
517 East Wisconsin Avenue
Room 362
Milwaukee, WI 53202

Dear Judge Pamela Pepper,

    I am writing this letter to you to respectfully request possible assistance with a legal matter involving an individual you may remember from a previous case of yours.

    I am an inmate at FCI Elkton who was incarcerated with another inmate named Todd Dyer. He was advising me on my 2255 when he found out that I had a retirement account with approximately $185,000.00 in it. He asked how I had it invested and I told him my sister had it in a joint savings account. He advised otherwise and said she could wipe out my account at any time. He recommended I contact the bank and inquire as to the balance.

    After doing so, I realized my sister had taken approximately $10,000.00 without talking to me. Todd recommended that I change Power of Attorneys and transfer the money away from my sister. He said, "My secretary is very trustworthy and she would be willing to be your POA." After reviewing the POA forms and notary stamps and signatures, I had the bank transfer my total retirement to Tracy Bolton (his secretary, my new POA).

    After she received the cashiers check, she was instructed by Todd Dyer, through my e-mail I had started to write to her, what to do. He told her to endorse the check to Father Melvin Krumdick (a Catholic priest), and he would give her three checks for $50,000.00 each, and she was to put $50,000.00 in a TADD 3 account (trust) and put a second $50,000.00 in a Todd Dyer irrevocable trust and give $50,000.00 to Father Melvin Krumdick for his trouble. This was not my intention for my money. Tracy Bolton was to create a trust for my daughter and put the money in it. Todd said she had to do it that way or she would have to pay income tax on the money she received. He said he was in an active lawsuit with a man named Borst and when he won, he would give me $50,000.00 for being his associate if I helped him financially by loaning him $1,000.00 each month. I did not want to, but they had my money and Power of Attorney.

    Tracy contacted my retirement union and had them send her my retirement check for the next twenty-four months. My total loss before I could change my retirement back to me was $200,000.00.

Despite having contacted multiple attorneys regarding this situation, I am no closer to righting that which has been wronged concerning my personal finances. If you have any guidance as to how to prosecute these three individuals, it would be greatly appreciated. Todd Dyer has been transferred to Yankton.

Richard Sills
21766-026
FCI Elkton
PO Box 10
Lisbon, OH 44432

Todd Dyer case numbers:

19-cv-752-pp
19-cv-1319-pp
15-cr-1145