TRULINCS 05409089 - DYER, TODD A - Unit: LVN-F-F

----------------------------------------------------------------------------------------

FROM: 05409089
TO: Blumling, Ryan; Krumdick, Father Mel
SUBJECT: 19-CV-1319-PP Motion to Adjourn
DATE: 04/03/2022 06:02:25 PM

CLERK USDC EDWI
FILED

2022 APR -6 P 12: 58

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
Plaintiff

v.

TODD A. DYER,
Defendant

Case No: 19-CV-1319-PP TEMPORARY RESTRAINING ORDER

MOTION TO ADJOURN REQUESTING ADDITIONAL TIME TO PREPARE FOR HEARING
AND ADDITIONAL TIME TO CONDUCT HEARING

Now comes, Defendant, Todd A. Dyer, pro se, with his Motion to Adjourn Requesting Additional Time to Prepare for Hearing and Additional Time to Conduct Hearing, and offers in support the following;

Background

On September 11, 2019 the Government filed a Complaint seeking a Temporary Restraining Order and Order of Protection against Defendant Todd A. Dyer seeking to prohibit him from pursuing the 15-CR-115 "Farmland" ("115Farmland") and 16-CR-100 "Bakley" ("100Bakley") case victims in various lawsuits, and anticipated future suits filed after Defendant's March 8, 2017 incarceration.

The Court issued a Temporary Restraining Order on October 2, 2019.

In connection with the proceeding, the Court appointed attorney Robert Penegor to represent Defendant Dyer.

Defendant and attorney Penegor had a falling out, and jointly requested attorney Penegor be permitted to withdraw as counsel for Defendant.

The Court granted the motion to withdraw.

Defendant Dyer requested he be appointed successor counsel following attorney Penegor's withdrawal.

The Court denied Dyer's request for the appointment of successor counsel.

On or about March 1, 2022 Dyer filed a motion requesting the Court reconsider its earlier ruling citing Dyer's ongoing mental health and other issues.

The Court has failed to respond.

Dyer incorporates by reference all facts and evidence of prior filings relative to this issue in this Motion to Adjourn.

Argument

Robert Penegor, an attorney with some 50 years of professional experience previously requested three days for a hearing.

Dyer, at the moment, is proceeding pro, has a history of mental health issues. Dyer also documented to the Court, a recent stay in the Special Housing Unit ("SHU") at USP Leavenworth facility based on staff's observations of Defendant wherein staff stated they believed Defendant was not operating with all his mental faculties.

Case 2:19-cv-01319-PP   Filed 04/06/22   Page 1 of 3   Document 109

Attorney Penegor has not returned Dyer's evidence so that Dyer might be prepared for this hearing.

Defendant has waited patiently for some 30 months for a hearing.

The TRO seeks to preclude Defendant from contacting any witness in two separate federal cases, a potential list of more than 25 individuals.

Defendant has the right to question every party covered by the TRO, although that is not Defendant's intention.

TRO seeks to preclude Defendant from contacting victims in two civil suits, but also, future anticipated suits.

Defendant intends on documenting legitimate causes of action by demonstrating wrongdoing by the witnesses over a period of more than a decade.

To be abundantly clear, only events which occurred in the 115Farmland case between March 2008 and September 2011, have been heard previously.

No Court has ever heard or, determined whether their are grounds for suit in the decade since September 2011.

Further, the 115Farmland case Court granted a motion in limine prior to trial precluding Defendant from raising or, the Court from hearing or determining facts having to do with publicly-traded Farmland Partners, Inc. (FPI: NYSE), a successor to the 115Farmland case entities.

A three hour hearing is not enough time to present evidence documenting legitimacy involving witness behavior for a period of ten years in two separate federal cases.

Also noteworthy is the fact that Dyer recently began taking the mental health medication ABILIFY to treat his longstanding mental health issues including his Court recognized bipolar/manic depressive illness.

The Court had previously contemplated waiting for Dyer to be released to address these issues. The Court incorrectly stated Dyer's release date as 2029, his statutory release date.

Under the Elderly Offender program, a program wherein individuals who reach the age of 60 and have completed 2/3s of their sentence become eligible for release.

Under this program Dyer's out date is March 3, 2027, less than five years from now.

Additionally, the First Step Act ("FSA") of 2018 affords Dyer an additional year off his sentence, and results in Dyer currently earning an additional 15 days per month "good conduct time" that can be used for early release to home confinement.

### Relief Sought

Based on the forgoing, Defendant requests an additional ninety (90) days time to prepare for the hearing and the three days originally requested to present evidence and cross examine witnesses or, a date following Dyer's release, assuming such a date would not diminish Dyer's rights.

Respectfully submitted,

Todd Dyer
Reg. #05409-089
Federal Prison Camp Leavenworth
P.O. Box 1000 Leavenworth, KS 66048

Certificate of Service

I hereby certify under penalty of perjury that on April 4, 2022 I did mail by first class US mail this Motion to Adjourn Requesting Addition Time to Prepare for Hearing and Additional Time to Conduct Hearing and request it be shared via the Court's electronic

mail system with all relevant parties.

Todd Dyer
Reg. #05409-089
Federal Prison Camp Leavenworth
P.O. Box 1000
Leavenworth, KS 66048