UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: April 19, 2022
JUDGE: Pamela Pepper
CASE NO: 2019-cv-1319
CASE NAME: United States of America v. Todd Dyer
NATURE OF HEARING: Scheduling conference
APPEARANCES: Benjamin Proctor – Attorney for the government
Carter Stewart – Attorney for the government
Todd Dyer – Defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 9:28 a.m. – 10:17 a.m.
HEARING: Evidentiary hearing set for July 18, 2022, at 9:00 a.m.

## AUDIO OF THIS HEARING AT DKT. NO. 117

The court noted that this hearing was scheduled for 9:00 a.m. with the defendant to appear by videoconference. The court's staff had worked with the staff at USP Leavenworth to schedule this hearing. The court's staff had learned from the staff at Leavenworth that the defendant was housed in the camp and would need to be moved to the pretrial area to participate in the hearing by videoconference. The court had issued an order for USP Leavenworth to produce the defendant by videoconference. But today, when the defendant did not appear by video, the court's staff contacted Leavenworth and learned from staff that they could not have the defendant on the call by videoconference. The court conducted today's hearing by telephone; the court will separately address the issue of USP Leavenworth's failure to comply with this court's order to produce the defendant for the hearing by videoconference.

The court noted that the defendant had filed a motion to adjourn this hearing and for an extension of time to prepare for the evidentiary hearing. The government had responded and asked the court to convert the today's hearing from an evidentiary hearing to a scheduling conference. The court issued an order (Dkt. No. 112) granting the defendant's request to adjourn the evidentiary hearing and granting the government's request to convert the evidentiary hearing scheduled for today into a scheduling conference. The court explained that it had granted the defendant's request to adjourn the evidentiary hearing because the defendant had indicated that he did not have all the discovery from his previous attorney. The court had contacted the defendant's previous attorney, whose office staff had reported that throughout the attorney's representation of the defendant, they had made copies of all the documents provided by the defendant and then returned them to the defendant. Nonetheless, in an abundance of caution, the office staff had mailed to the defendant every document they had that related to the defendant. At today's

hearing, the defendant confirmed that he had received a fourteen-pound box of documents from his previous attorney.

The defendant proposed that the court allow him to submit a list of questions and the government's witnesses would provide the answers in writing. The defendant proposed that the court allow him to ask 100 questions of each of the government's witnesses. The court responded that it would allow the defendant to ask 75 questions in total; he could allocate those questions among the government's three witnesses as he felt appropriate. The defendant stated that he would have two witnesses for the hearing—Melvin Krumdick and Nicholas Hindman. The court discussed the logistics of having Mr. Krumdick and Mr. Hindman testify; it stated that it would make a final determination after it determined the format of the hearing given the problem that had arisen with Leavenworth.

The prosecutor told the court that he did not object to the defendant's proposal but wanted to have the opportunity to object to any questions that did not focus on the mental distress and anguish the defendant's conduct had caused the government's witnesses. The prosecutor report that the plaintiff would be calling three witnesses—Cindy Bakley, Mark Borst and Sydney Borst.

The defendant stated that he wanted to hear the testimony from the government's three witnesses.

The prosecutor asked the court to limit the defendant's questions so that he could not re-litigate his criminal cases. In response to the court's inquiry, the prosecutor confirmed that Nicholas Hindman had not been identified by the government as a victim and was not protected by the temporary restraining order that this court issued in 2019. The court reiterated that it would not allow the defendant to relitigate his criminal convictions through this proceeding.

The court added that the defendant recently had filed a motion for previously referenced bank communication. Dkt. No. 114. The court stated that it had had a hard time following the defendant's arguments—they appeared to have little or no relevance to the issue in this case (whether the defendant's contacts with and lawsuits against the government's three witnesses were for a legitimate purpose and whether they caused the witnesses emotional distress). The court opined that the funds the defendant appeared to be believe he was entitled to had been obtained through fraud, and that he did not have a right to those ill-gotten gains. The court denied the motion.

The court set a deadline of July 5, 202, for the defendant to file his combined total 75 questions. The government must file any objections to the defendant's questions by July 12, 2022.

2

The court scheduled an evidentiary hearing for July 18, 2022 at 9:00 a.m.; while the court will calendar the hearing as a video hearing, it will work with USP Leavenworth to figure out the format for the hearing and will let the parties know whether the hearing will be by videoconference or a different format.

The court **DENIES** the defendant's motion for previously referenced bank communications. Dkt. No. 114.

The court **ORDERS** that the defendant may file a combined total of 75 questions for the government's witnesses by the end of the day on July 5, 2022.

The court **ORDERS** that the government must file any objections to the defendant's questions by the end of the day on July 12, 2022.

The court **ORDERS** that the temporary restraining order issued on October 2, 2019 (Dkt. No. 12) is **EXTENDED** until the date of the next hearing—July 18, 2022.

Dated in Milwaukee, Wisconsin this 19th day of April, 2022.

                    **BY THE COURT:**

                    _____
                    **HON. PAMELA PEPPER**
                    **Chief United States District Judge**