UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 19-cv-1319-pp

TODD A. DYER,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER PREVIOUS MOTION REQUESTING THE COURT DETERMINE OWNERSHIP OF AMERICAN FARMLAND PARTNERS CORPORATION STOCK WARRANTS (DKT. NO. 124)**

On May 9, 2022, the defendant filed a motion asking the court to reconsider its order denying his motion requesting determination of the ownership of the American Farmland Partners Corporation stock warrants. Dkt. No. 124. The court had denied the original motion on April 14, 2022. Dkt. No. 113. The court will deny the motion to reconsider.

The court denied the defendant's motion because it addressed an issue not before the court. Dkt. No. 113 at 12-13. Specifically, the court held that there was no case or controversy before it concerning ownership of the stock warrants, explaining that

> Article III, section 2 of the Constitution gives a federal court jurisdiction over "Cases" and "Controversies." "Article III's 'case or controversy' requirement prohibits federal courts from issuing advisory opinions that do not affect the rights of the parties before the court." Matlin v. Spin Master Corp., 979 F.3d 1177 1181 (7th Cir. 2020) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). There is no lawsuit before the court asking the court to resolve the

1

question of who owns the stock warrants. The government did not file this case for the purpose of asking the court to decide who owns the stock warrants. No other party has filed a lawsuit asking the court to determine who owns the stock warrants.

Id. at 12-13, 15. The court stated that the only issue in this case was "whether the defendant's contacts with and lawsuits against Borst and others had any legitimate purpose." Id. at 15.

There is no federal rule of civil procedure that provides for a motion to "reconsider." "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A litigant may ask a court to alter or amend a judgment under Fed. R. Civ. P. 59(e), but the court has not issued a judgment in this case. Fed. R. Civ. P. 60(b) allows a court to relieve a party of a final order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);" or the catch-all "any other reason that justifies relief."

It appears that the defendant asks the court to reconsider its decision because he believes the court made a mistake. He asserts that he must establish standing to be able to file a lawsuit. Dkt. No. 124 at 1. He says that he "certainly" has standing to protect his business model, intellectual property and trade secrets from being used without

2

authorization and transferred without compensation. Id. He argues that the identity of the people who have standing to sue the victims of Case No. 15-cr-115 (one of the cases in which he was convicted in this court) is central to lawsuits he's filed in the past and suits he plans to file. Id. The defendant asserts that he has the right to have a court decide what happened to his business model, intellectual property and trade secrets after September 2011, asserting that the scheme for which he was convicted is alleged to have ended at that time. Id. at 2. The defendant also argues that the stock warrants whose ownership he wants the court to determine had value. Id. He vigorously disputes that he ever has said that he is entitled to the return of any money the victims in Case No. 15-cr-115 may have received. Id.

The defendant asserts that he has a right to challenge his criminal convictions in Case Nos. 15-cr-115 and 16-cr-100 under Fed. R. Civ. P. 60(b)(3). Id. at 3. He speculates that two of the entities used in the fraud schemes were restructured as a publicly traded company, that the government knew about that and that it assisted in concealing it, and that this would constitute fraud and would be "fundamentally unfair." Id. The defendant makes allegations against one of his co-defendants (Hindman) and one of the victims of the 2015 case (Mark Borst). Id. He then says:

> The Court, Government, and those involved should accept the
> fact that this is not going away.

> All should understand that Dyer is not going go quietly and do 15 years for something he didn't do, for something that didn't happen, and allow anyone to steal, at a minimum, tens of millions of dollars without those responsible, whomever that might be, being brought into the "light", however that has to happen.

Id. He threatens that if the court does not reconsider he will appeal. Id. at 4.

The court will not change its ruling. The court must decide whether the defendant's conduct toward the victims of the federal offenses caused those victims substantial emotional distress and whether they served no legitimate purpose. The defendant's byzantine arguments linking the stock warrants whose ownership he demands this court determine with alleged theft of alleged intellectual property and the victims of the two federal fraud cases do not create a case or controversy relating to ownership of the stock warrants. The arguments in the motion to reconsider are not new; the defendant disagrees with the court's ruling, as is his right. But the defendant's attempts to convince the court that its disagreement with his contorted logic is a result of the court's lack of capacity to comprehend the logic, rather than the court's disagreement with that logic, do not require reconsideration.

The defendant also misapprehends the applicability of Fed. R. Civ. P. 60(b)(3). The plaintiff seems to believe that he may challenge his criminal convictions under that rule. Id. at 3. But Rule 60(b)(3) applies only in *civil* cases, allowing parties in *civil* lawsuits to request relief from *civil* judgments when those judgments were the result of fraud, misrepresentation or misconduct by an opposing party in the *same case*.

4

Rule 60(b)(3) has no impact on the defendant's criminal convictions, which resulted from his guilty pleas and which have been affirmed by the Seventh Circuit Court of Appeals.

## II. Conclusion

The court **DENIES** the defendant's motion to reconsider. Dkt. No. 124.

Dated in Milwaukee, Wisconsin this 17th day of July, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**