UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                   Case No. 19-cv-1319-pp

TODD A. DYER,

                Defendant.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER (DKT. NO. 2)

This case came before the court on the United States' Verified Complaint and Motion for Protective Order under 18 U.S.C. §1514. Dkt. Nos. 1, 2. The court has considered the parties' written submissions as well as the testimony, exhibits and arguments presented at the evidentiary hearing on July 18, 2022 (Dkt. Nos. 143, 144, 145 and 149).

For the reasons stated in the extensive record in this case and summarized by the court during the July 11, 2023 hearing (Dkt. Nos. 163, 164), the court **FINDS** that:

    1.     This court has jurisdiction over this case and all parties and venue in this district is proper.

    2.     Title 18, United States Code, Section 1514(b)(1), provides in relevant part:

> A United States District Court, upon motion of the attorney for the Government, or its own motion, shall issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case or investigation if the court, after a hearing, finds by a

1

preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case or investigation exists or that such order is necessary to prevent and restrain an offense . . . under section 1513 of this title.

3. The protective order issued under this section may extend "for such period as the court determines necessary to prevent harassment of the victim or witness but in no case for a period in excess of three years from the date of such order's issuance." 18 U.S.C. §1514(b)(5). This protective order may be renewed prior to expiration. Id.

4. Defendant Todd A. Dyer pled guilty to felony offenses in Case Nos. 15-CR-115-JPS (E.D. Wis.) and 16-CR-100-PP (E.D. Wis.) and was convicted and sentenced in those cases. Those convictions and sentences were valid and have not been overturned, reversed or otherwise disturbed.

5. The plea agreements and restitution orders in Case No. 16-CR-100 and Case No. 15-CR-115 establish that Cindy Bakley, Bakley Construction and Mark Borst are victims of Dyer's offenses in those cases and therefore eligible for protection from harassment under 18 U.S.C. §1514(b)(1). Further, Sydney Borst is "an immediate family member" of Mark Borst, and thus eligible for protection via an order issued by the court in this case. 18 U.S.C. §§1514(b)(1), (d)(1)(G).

6. Dyer engaged in a course of conduct, as defined under 18 U.S.C. §1514(d)(1)(A)-(B), directed against Cindy Bakley, Bakley Construction, Mark Borst and Sydney Borst.

7. Dyer's course of conduct toward Cindy Bakley, Bakley Construction, Mark Borst and Sydney Borst served no legitimate purpose. 18

U.S.C. §1514(b)(1), (d)(1)(B).

8. Dyer's course of conduct toward Cindy Bakley, Bakley Construction, Mark Borst and Sydney Borst caused those individuals substantial emotional distress. 18 U.S.C. §1514(b)(1), (d)(1)(B).

9. Absent a protective order, Dyer will continue to contact, pursue lawsuits against and otherwise harass and retaliate against the victims, witnesses and the immediate family members of the victims and witnesses of his criminal conduct for which he was convicted in Case No. 16-CR-100 and Case No. 15-CR-115, including Cindy Bakley, the Bakley family, Mark Borst, Sydney Borst and other victims. (*E.g.*, Dkt. # 65 (Dyer requesting "to pursue litigation against the alleged victims in Case No. 15-CR-115, including but not limited to, Mark Borst"); Dkt. #115; Dkt.# 135-1 at 9; Dkt. #157 at 34.

10. To prohibit harassment of and retaliation against these victims, witnesses and their immediate family members by Dyer, a protective order under 18 U.S.C. §1514(b)(1) is necessary and appropriate.

11. Dyer's conduct as documented in the record justifies a protective order of no less than three years.

The court **GRANTS** the United States' Motion for a Protective Order, Dkt. #2.

The court **ENJOINS** the defendant, Todd A. Dyer, from directly or indirectly contacting or attempting to contact any victim or witness in Criminal Case Nos. 15-CR-115 and 16-CR-100, including Mark Borst, Bakley Construction, Cindy Bakley and any immediate family member or

3

Case 2:19-cv-01319-PP    Filed 07/17/23    Page 3 of 4    Document 166

representative of Mark Borst or Cindy Bakley, without prior approval from the court.

The court **ENJOINS** the defendant, Todd A. Dyer, from directly or indirectly initiating, participating in or continuing any state or federal lawsuit or appeal against any witness or victim in Criminal Case Nos. 15-CR-115 and 16-CR-100, including against Mark Borst, Bakley Construction, Cindy Bakley and any immediate family member or representative of Mark Borst or Cindy Bakley, without prior approval of the Court.

The court **ORDERS** that this Protective Order shall remain in full force and effect for three years, starting from July 11, 2023, unless sooner modified or dissolved by this court, or unless extended in accordance with 18 U.S.C. §1514(b)(5).

Any knowing and intentional violation of this Protective Order is punishable under 18 U.S.C. §1514(c) or as otherwise provided by law.

The court **ORDERS** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case.

Dated in Milwaukee, Wisconsin this 14th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**